ROSBOROUGH v. THE SHASTA RIVER CANAL CO.

THE president of a corporation, who is also a stockholder, is, in the absence of any usage of the company to the contrary, entitled to compensation for his services as president.  If the rate is not fixed by special contract, he is entitled to what his services are reasonably worth.

An understanding, not amounting to an agreement, between a corporation and its president that he should receive pay for his services is competent evidence to rebut any presumption that he was serving gratuitously.

Rosborough *v.* The Shasta River Canal Co.

The plaintiff acted for two yearly terms as president of the defendant, a corporation, with an understanding that he should be paid, but without any agreement to that effect, or as to the amount of compensation. Having been reëlected, the trustees on the same day made an order as follows : " Ordered, that the compensation of the President of the Board of Trustees be established at fifty dollars per month ;" and plaintiff continued to serve for two years longer : *held,* that the order was an agreement by the corporation to pay for plaintiff's past, as well as future services, at the rate of fifty dollars per month : *held,* further, that the order above mentioned was a contract in writing, within the meaning of the Statute of Limitations, to pay for plaintiff's past services, and that his demand therefor would not be bound by the statute until the expiration of four years from the date of the order.

Where an officer of a corporation is elected for a term of one year, with a compensation at a certain sum per month, the Statute of Limitations does not begin to run against any portion of his claim for salary until the end of the year.

APPEAL from the Ninth Judicial District.

The facts are stated in the opinion.

*A. P. Crittenden,* for Appellant.

I.    As president of the company, the plaintiff was entitled to no compensation for his services, unless a salary was allowed him by some formal action of the Board of Trustees, and only for the time of such allowance. He was not a stranger, rendering service at the request of the corporation, and therefore entitled to claim compensation upon an agreement implied by law ; but a trustee and stockholder, and in his capacity of president, attending to his own business, as well as that of other stockholders. The presumption that the service was to be gratuitous, necessarily results from the relation which, under the law, the trustees hold to the corporation. It is strictly fiduciary. All the corporate powers of the corporation are vested in them.

II.    The Board could not lawfully pass a retrospective resolution, and vote away the money of the corporation to pay for services, for the payment of which the corporation was under no liability. No such power was in fact attempted to be exercised. The resolution does not purport to operate retrospectively, and it not being so explicitly expressed, it cannot so operate.   (Smith's Com. Sec. 533, and cases cited.)

III.   The Statute of Limitations is a bar to the recovery of any salary or claim for compensation accrued prior to the ninth of October, 1859 ; that is, more than two years next before the commencement of the action.   (Act Lim. Sec. 17 ; Wood's Dig. 47.)

As to so much of the claim as is here objected to, certainly this action is one brought upon "a contract, obligation, or liability, not founded upon an instrument of writing."   And certainly there is no writing in evidence "signed by the party to be charged," and which could be construed into an "acknowledgment or promise" constituting "sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this statute." (Act of Lim., Sec. 31 ; Wood's Dig. 49.)

A resolution of the Board of Trustees is not a writing signed by the party to be charged, and could not, under any circumstances, operate to take a case out of the operation of the statute, though it might be original evidence to sustain an action for the salary allowed by it, at any time within four years after its passage.   And this resolution, even if sufficient in form and signed by the corporation, is not evidence of any "lien or continuing contract," other than of a contract from the date of its adoption thereafter to pay the specified salary.   It cannot be tortured into an acknowledgment that anything was then due the plaintiff.

*H. O. Beatty,* for Respondent.

I.   There is no presumption that plaintiff's services previous to the order of the Board of Trustees were performed gratuitously, because he was a stockholder, or because he was acting in a fiduciary capacity.   Attorneys act in a fiduciary capacity in collecting money ; yet ordinarily they at least expect to be paid a commission.   Merchants, brokers, factors, executors, administrators, collecting agents, etc., all act in a fiduciary capacity ; yet, I believe, they ordinarily expect to be paid for their services.   It is simply a question of interest, to be determined from the value of the services, the relation of the parties, and all the surrounding circumstances.   In the absence of more direct evidence, it might be necessary or advisable to inquire, is it customary for corporations of this character to pay their presidents ?   But here there is more

Rosborough *v.* The Shasta River Canal Co.

direct evidence of the intentions. The Court finds that it was always understood between the parties that he was to receive compensation therefor. But all this strictness of ruling as to the necessity of the seal, and resolution, etc., is dispensed with in modern practice. Corporations act usually by their Boards of Directors or Trustees in making contracts.

Under the general incorporation laws of California, the Board of Trustees is the proper body to make contracts for corporations. A majority of such Boards may contract, within the scope of their authority. It is not contended that they could not have contracted with the president for a salary; it is only contended they did not, because there is no record of such contract. Such record is not necessary. (See Angell & Ames on Corp. 282, 283.) Even if the unrecorded act of hiring were void (there is no modern decision holding such a doctrine), still the services being performed, and all the trustees (agents of the corporation) knowing it was with the intent to charge and receive compensation therefor, it would certainly be sufficient moral consideration to support a subsequent promise. And the satisfaction by resolution spread on the minutes and made of record of the former understanding or agreement would make the contract valid and binding. (See Angell & Ames on Corp. 290.) It is a legal presumption that the officers or agents of a corporation are to be paid. (Id. 309.)

II. With regard to the services performed after the eighth of November, 1859, there is no contest. Appellant admits this was performed under a contract, and not barred by the Statute of Limitations. With regard to the services performed between the thirteenth of October, 1858, and the eighth of November, 1859, my view of the case is this: He was elected in October, 1858, for one year, and until his successor was elected and qualified. There was an understanding that he was to be paid, but no specification as to the time, mode, manner, or amount of payment. That being the case, no right of action ever accrued until the end of the period for which he was elected. His time of service under that particular engagement expired certainly not earlier than the thirteenth of October, 1859. The suit was brought October 9th, 1861, clearly within two years. It hardly needs authority to show that when a

party engages to serve for a specified time, and there is no special agreement as to the time of payment, he can only recover on a *quantum meruit*, after the entire service has been performed. With regard to the services between the seventeenth of April, 1857, and October 13th, 1858, a period of nearly eighteen months, the question is an entirely different one. The services during this period are barred by the Statute of Limitations, unless something has been done to take them out of the operation of that statute.

Up to the eighth of November, 1859, there was an understanding that the president was to be paid ; but how, when, and where, and how much, had never been determined. The president had served three terms ending respectively October 5th, 1857, October 13th, 1858, and November 8th, 1859. How much he was entitled to for these services was not determined. Had he brought suit, it could only have been on the *quantum meruit*. But on the eighth of November, 1859, this order was made : " Ordered, that the compensation of the President of the Board of Trustees be fixed at fifty dollars per month." This order, if made with the knowledge and assent (direct or implied) of the president, removed all uncertainty. He could no longer have maintained an action on the *quantum meruit*.

The preliminary facts being known, or admitted, no Court would allow him to prove his services were worth more than fifty dollars per month. This order, and the assent of plaintiff thereto, converted an open, unsettled account into an account stated. From that moment there was a new contract between the company and plaintiff that they should pay plaintiff for his past and future services at the rate of fifty dollars per month and no more. And from the date of this new contract only did the statute commence running. (Angell on Lim. Ch. 14, pp. 139–141.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover for services rendered by the plaintiff as president of the Board of Trustees of the defendant, a corporation organized under the laws of this State. The plaintiff served in that capacity from the seventeenth day of April, 1857, to the

thirty-first day of January, 1862, having been elected from year to year for several terms. On the eighth day of November, 1859, the Board of Trustees of the company made the following order: " Ordered, that the compensation of the President of the Board of Trustees be established at fifty dollars per month." Previous to that time there was no order, resolution, or by-law, fixing his compensation. He brings this suit to recover for the whole period of time, both before and after the date of this order, at the rate of fifty dollars per month. The defendants, by their answer, denied generally all the allegations of the complaint, and set up the Statute of Limitations of two years to all the services rendered before the first day of October, 1859. The cause was tried by the Court, who found for the plaintiff for the whole time claimed, and judgment was rendered accordingly, from which the defendant appeals.

The first objection urged is that the plaintiff was entitled to no compensation whatever for the services rendered prior to the date of the order ; that no rate of compensation having been before that time fixed by the Board of Trustees, it is to be presumed that he rendered the services gratuitously, being a stockholder of the company, and that the terms of the order do not include prior services. The Court found that his services were worth the sum of fifty dollars per month during the whole time, and that it was the understanding and expectation of the plaintiff and the Board of Trustees before the order was made, that he was to receive a compensation for his services.

The fact that the plaintiff was a stockholder of the company can make no difference as to his right to compensation. Stockholders, like all other persons laboring or rendering services for a corporation, are entitled to pay therefor ; and, if there is no special contract, the law will presume an implied contract to pay what the labor or services are reasonably worth. It seems to have been the expectation of both parties in this case that the plaintiff was to be paid for his services, but the amount was not fixed until the date of the order. This understanding and expectation, although not sufficient, perhaps, to amount to an agreement, still removes all presumption that the services were performed gratuitously, if such a presumption is proper in such cases. (*Fraylor* v. *Sonora Mining*

*Co.*, 17 Cal. 594.)    It matters not, therefore, whether the order covers past services or not; the plaintiff is entitled to recover therefor upon an implied contract to pay what the services were worth, which the Court has found to be the same as fixed by the order.

But we think it clear that the order is sufficient as an agreement by the Board of Trustees to pay for the past as well as future services, at the rate of fifty dollars per month.    Its terms do not limit it to future services.    Even if the law would presume from the language used that it was the intention to apply only to the future, that presumption would be removed by the fact that it had previously been the understanding of both parties that he was to receive pay for past services.    Such understanding, although not amounting to an agreement, is sufficient to remove a presumption of this kind.

The next error assigned is, that a portion of the claim—that is, for the services rendered prior to two years before the commencement of the action—is barred by the Statute of Limitations.    The agreement for services in this case was of a continuous character. The plaintiff's term of office was yearly, and the statute would only commence running from the expiration of each year's term. (Angell on Lim. 112, Chap. 12, Sec. 6.)    The suit was commenced October 9th, 1861, and his several terms of office prior to the order expired as follows : October 5th, 1857 ; October 13th, 1858, and November 8th, 1859—so that, independent of the order, he would be entitled to recover for services rendered from the thirteenth day of October, 1858; this would, however, bar the claim for services rendered from the commencement of his term of office, April 17th, 1857, to October 13th, 1858.    We think it clear, however, that the order in this case is a contract in writing, within the Statute of Limitations, being, as we have shown, an agreement to pay for past as well as future services, and therefore the claim would not have been barred until after four years from the date of this order.

The judgment is affirmed.