[Department Two. — August 16, 1883.]

HANNIBAL FLINT, RESPONDENT, *v.* J. CADENASSO ET AL., APPELLANTS.

CONTRACT — BENEFICIARY — RIGHT OF ACTION — A. conveys lands to B., in consideration of B.'s agreement to pay a note made by A. to a third party, and secured by mortgage upon the land. B. conveys to C. in consideration of C.'s agreement to pay the note of A. Upon payment of the note by A. a cause of action for the amount arises in his favor against C.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Ball & Craig, S. C. Denson,* and *Rhodes & Barstow,* for Appellants.

Neither Joel Wood nor his assignee could maintain this action. It could be maintained only by the creditor of Joel Wood. (Code Civ. Proc. § 367; Civ. Code, § 1559; *Wormouth* v.

*Hatch,* 33 Cal. 121; *McLaren* v. *Hutchinson,* 22 Cal. 187; *Morgan* v. *Overman S. M. Co.* 37 Cal. 534; *McLaren* v. *Hutchinson,* 18 Cal. 80; *Hoffman* v. *Schwaebe,* 33 Barb. 194; *Miller* v. *Winchell,* 70 N. Y. 437.)

*George P. Harding,* and *R. Clark,* for Respondent.

The defendants were liable to Joel Wood, or his assignee, upon their contract. (*Lawrence* v. *Fox,* 20 N. Y. 268; *Campbell* v. *Smith,* 71 N. Y. 26; *Burr* v. *Beers,* 24 N. Y. 178; *Thorp* v. *Keokuk Co.* 48 N. Y. 253; *Kreutz* v. *Livingstone,* 15 Cal. 345; *Lockwood* v. *Canfield,* 20 Cal. 126; *Lewis* v. *Covillaud,* 21 Cal. 178; *Wormouth* v. *Hatch,* 33 Cal. 121; *Morgan* v. *Overman S. M. Co.* 37 Cal. 534; Civ. Code, § 1559; Code Civ. Proc. § 367.) The verbal promise of defendants was sufficient to charge them. (1 Jones on Mortgages, 750, 751; *Racouillat* v. *Sansevain,* 32 Cal. 393.)

MYRICK, J.—The facts of this case, as presented by the complaint, and as found by the court, may be briefly stated thus: Joel Wood, being the owner of a tract of land, and being indebted to Flint (the plaintiff), executed his promissory note, and a mortgage upon the land to secure the payment thereof. Subsequently, Joel Wood conveyed the premises to Albert Wood, by deed expressing a money consideration, while the consideration, in fact, was an agreement that Albert Wood should pay for Joel Wood the amount of the note and mortgage. Thereafter, Albert Wood conveyed to the defendants, by deed also expressing a money consideration, while, in fact, a part of the consideration was the agreement of the defendants to pay to said Flint for said Joel Wood the amount due and unpaid, and to become due from said Joel Wood to said Flint, as secured by the mortgage above mentioned. The note being unpaid, plaintiff brought suit thereon against Joel Wood, and recovered judgment, which judgment he (Joel Wood) paid. Joel Wood then assigned to plaintiff his right of action against defendants to recover the amount so paid by him, and this suit is brought by plaintiff, assignee of Joel Wood, to recover of the defendants the said amount.

We have no doubt of the liability of the defendants on their

agreement; it is true, they made no agreement to and with Joel Wood, but their agreement was for his benefit, and, upon their failure to perform, he had a right of action against them. We think the complaint properly states a cause of action. Whether or not the agreement was made, as alleged, was a question of fact, upon which the evidence was conflicting, and the court found in favor of plaintiff.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.