[L. A. No. 1104. In Bank.—April 4, 1904.]

## W. A. WASHER, Respondent, v. INDEPENDENT MINING AND DEVELOPMENT COMPANY, Defendant and Appellant.

CONTRACT WITH OWNERS OF MINES—REIMBURSEMENT OF ADVANCES UPON SALE—PURCHASE BY CORPORATION—ASSUMPTION OF ADVANCES—ACTION BY THIRD PERSON.—Where the owners of mines agreed with a third person that he should advance money for development thereof in consideration of an interest in the mines, and an agreement that all advances made by the owners and by such third person should be repaid in case of sale; and a corporation purchased the mines from such owners expressly subject to the contract which was recorded, and expressly agreed by resolution before purchase to assume the repayment of such advances, such assumption must be deemed part of the purchase money, and the third person, who made advances under the contract, may sue the corporation to recover the amount thereof. [Shaw, J., and Angellotti, J., dissenting.]

ID.—VENDORS MAY DISPOSE OF PURCHASE MONEY.—The vendors had the right to dispose of the purchase money, and to order how it should be paid; and they had the right to require the purchaser to assume and pay the advances which they had agreed should be repaid in case of sale; and the corporation cannot defend the action for such advances upon the ground that its grantors did not owe the plaintiff.

ID.—CONTRACT FOR BENEFIT OF THIRD PERSON—OPERATION OF LAW—PRIVITY—IMPLIED PROMISE.—A third person may sue upon a con-

tract made expressly for his benefit at any time before the parties thereto rescind it. In such case, the law operates upon the acts of the parties, creates the duty, establishes a priority, and implies the promise and obligation upon which the action is founded.

'APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion.

Charles S. McKelvey, for Appellant.

In order to bind a grantee the grantor must be personally liable. (*Dunning* v. *Leavitt,* 85 N. Y. 35;[1] *Trotter* v. *Hughes,* 12 N. Y. 74;[2] *Moore's Appeal,* 88 Pa. St. 450;[3] *Ward* v. *De Oca,* 120 Cal. 102.) There is no privity to support the action (*Bank of Madera* v. *Redfield,* 122 Cal. 405; *Burton* v. *Larkin,* 36 Kan. 246;[4] *Simson* v. *Brown,* 68 N. Y. 355; *Ward* v. *De Oca,* 120 Cal. 102.)

Purington & Adair, for Respondent.

Upon the sale of the property, making it impossible for plaintiff to realize his advances, the amount thereof became due and payable from the grantors (*Wolf* v. *Marsh,* 54 Cal. 228, 232; *Poirier* v. *Gravel,* 88 Cal. 79-83), and when the corporation, as a purchaser from them, expressly assumed to perform the contract to pay the advances, it became the principal debtor to the plaintiff, and the grantors were sureties. (*Williams* v. *Naftzger,* 103 Cal. 438; *Weaver* v. *McKay,* 108 Cal. 546; *Hopkins* v. *Warner,* 109 Cal. 133; *Tulare County Bank* v. *Madden,* 109 Cal. 312.) "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." (Civ. Code, sec. 1559; *Rosborough* v. *Shasta R. R. Canal Co.,* 22 Cal. 556; *Buckley* v. *Gray,* 110 Cal. 339-346;[5] *Lewis* v. *Covillaud,* 21 Cal. 179, 190; *Sacramento Lumber Co.* v. *Wagner,* 67 Cal. 293, 295; *Chung Kee* v. *Davidson,* 102 Cal. 188, 197.) The resolution of the corporation contained all of the elements of a contract to assume repayment of the advances. (*Morgan* v. *Overman S M. Co.,* 37 Cal. 534; *Flint* v. *Cade-*

---

[1] 39 Am. Rep. 617.
[2] 62 Am. Dec. 137, and note.
[3] 32 Am. Rep. 469.
[4] 59 Am. Rep. 541.
[5] 52 Am. St. Rep. 88. '

*nasso,* 64 Cal. 83; *Buckley* v. *Gray,* 110 Cal. 339, 346.[1]) A grantor has a right to make such disposition of the purchase money as he may choose, and may require payment of part of it to a third person. (2 Warvelle on Vendors, pp. 655-657; *Dean* v. *Walker,* 107 Ill. 540;[2] *Merriman* v. *Moore,* 90 Pa. St. 79; *Linneman* v. *Moross,* 98 Mich. 178.[3])·

COOPER, C.—This action was brought to recover of defendant the sum of four thousand five hundred dollars. The case was tried before the court, findings filed, and judgment thereupon entered for plaintiff as prayed. This appeal is from the judgment on the judgment-roll.

It is claimed that the court erred in overruling defendant's demurrer to the complaint, and that the judgment is not supported by the findings. Both questions may be considered together. The facts as alleged and found are substantially as follows: On the eleventh day of July, 1895, F. A. Stephens and C. L. Banta were the joint owners of two mines, known as the "Mammoth" and "Edith," situate in Riverside County. On said day they, as parties of the first part, entered into a written agreement with the plaintiff, as party of the second part, in which it was recited that the parties of the first part had expended the sum of one thousand dollars, and the party of the second part had expended the sum of $874.75, in the development of the said mines. Said agreement provided that, for the more rapid development of said mines, the parties of the first part, in consideration of the further sum of four thousand dollars, agreed to sell and convey to the party of the second part an undivided one-fourth interest in and to said mines. The party of the second part agreed to pay the said four thousand dollars in certain installments covering a period of fifteen months. In case of a satisfactory sale of the said mines before the completion of the payments by the party of the second part, he was to be repaid the said $874.75 and all sums which he had paid and furnished under said contract, and the parties of the first part were to be repaid the said one thousand dollars, and then, after these payments, the proceeds of such sale to be divided, three fourths to the parties of the first part, and one

[1] 52 Am. St. Rep. 88.    [3] 39 Am. St. Rep. 528, and note.
[2] 47 Am. Rep. 467, and note.

fourth to the party of the second part. The agreement, after other provisions not material here, contained the clause: "And it is further understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties hereto." The said agreement was duly acknowledged and placed of record. On October 27, 1896, the said Banta sold and conveyed all her interest in said mines to one Van Winkle. On February 17, 1897, said Van Winkle, by a deed of conveyance, in which said Banta joined, sold and conveyed the same interest to one Patterson. On February 18, 1897, the said Stephens, by a deed of conveyance, in which said Banta and said Van Winkle joined, sold and conveyed his interest in and to said mines to one Ensign, as trustee. On June 30, 1897, at a meeting of more than two thirds of the stockholders of defendant, called for that purpose, the following resolution was passed, to wit: "On motion of E. E. Banta, seconded by A. E. Carpenter, it was resolved that the board of directors be, and is hereby requested to purchase interests in the Mammoth and Edith mines on a basis of $100,000 in full paid-up stock of this company, for the entire interest in said mines, subject to the contract with W. A. Washer, F. A. Stephens, and E. E. Banta, for the return to them of advances amounting to about $5,900 as set out in said contract, and that this company assume the repayment of said advances. Carried." On the same day, at a regular meeting of directors of defendant, the following resolution was passed, to wit: "On motion of E. E. Banta, seconded by A. E. Carpenter, it was resolved that the board purchase the interests in the Mammoth and Edith mines in Minifee Mining District, Riverside County, California, on a basis of $100,000 in full paid-up stock of this company, for the entire interest in said mines, subject to the contract with W. A. Washer, F. A. Stephens, and E. E. Banta, for the return to them of advances amounting to about $5,900, as set out in said contract, and that the company assume the payment of said advances. Motion carried."

In pursuance of the said resolutions, the defendant, on the first day of July, 1897, procured two deeds to the said mines, the first one being made by said Stephens and said Ensign (trustee) as grantors, and the second being made by said

Patterson, Van Winkle, Banta, and others as grantors. Both of said last-named deeds, made July 1, 1897, were made to defendant as grantee, and were duly acknowledged and recorded and contained the following clause, to wit: ''This conveyance is made subject to the terms of that certain agreement between F. A. Stephens and E. E. Banta on the one part and W. A. Washer of the second part, of date July 11, 1895, recorded in book 39 of deeds, page 68, recorder's office of Riverside County.'' The plaintiff was not a party to, nor did he consent to the execution or delivery of, any of said deeds. At the time of the passage of the said resolution, and at the time of the purchase of said property, the plaintiff had advanced under the said agreement for the development of the said mines the sum of forty-five hundred dollars, no part of which had been repaid, and which has never been repaid, and defendant had full notice of said agreement with plaintiff and of the expenditure of said forty-five hundred dollars under the terms thereof. Prior to the purchase of the said mines by defendant, plaintiff had paid all sums agreed to be paid by him under the terms of said agreement, and had demanded of said Stephens and Banta a deed to an undivided one fourth of the said mines as per the terms of said agreement. The court further found as follows: ''That by virtue of said resolutions passed respectively by stockholders and directors of said defendant corporation, and by virtue of the obligation assumed by the defendant in the deed dated July 1, 1897, above set forth, said defendant purchased the said mining property subject to the contract set forth in paragraph 2 of said complaint, for the return to plaintiff and said Stephens and Banta of advances then made amounting to about fifty-nine hundred dollars ($5,900); and said defendant intended to and did thereby assume the repayment of said advances. That the said amount of money advanced by plaintiff towards the development of said mining properties at the time of the sale thereof to defendant, was the sum of four thousand five hundred dollars ($4,500), no part of which has been paid. That no part of the proceeds derived from the sale of said mining properties to the defendant, either in money or stock, has been paid or delivered to this plaintiff. That prior to bring-

ing this action, plaintiff demanded of the defendant the payment of said sum of four thousand five hundred dollars ($4,500), no part of which has been advanced by him in the development of said mining property at the time of sale to the defendant; but the defendant refused and still refuses to pay the same, and the whole of said sum is now due, owing, and wholly unpaid to the plaintiff.''

The defendant contends that neither the allegations of the complaint nor the findings show that its grantors were personally liable to plaintiff for the advances made by him, and that there is nothing in either the complaint or findings to show any privity of contract between defendant and plaintiff, and hence there was no consideration for the assumption by defendant of the indebtedness due to plaintiff. Such position is not tenable. The defendant knew of plaintiff's claim, and the contract out of which it arose. It knew, by the contract under which plaintiff made the advances, that plaintiff was to be given a one-fourth interest in the mines. Knowing these facts, it passed resolutions in due form by which it expressly assumed the payment of the amount due plaintiff. It did this before it purchased the mines. Then in its deeds it was recited that the property was taken subject to the agreement made by Stephens and Banta with plaintiff. It has never paid plaintiff, and has refused to pay him. It has the title to the mines, procured by virtue of its resolutions, assuming the amount due plaintiff, and yet refuses to pay such amount. It will not be allowed to keep the property and refuse to pay for it as it agreed. It is said that the defendant's grantors were not personally liable to plaintiff, and that for this reason the defendant cannot be held liable. All of defendant's grantors were not personally liable to plaintiff, but two of them, F. A. Stephens and C. L. Banta, were so liable, and this is sufficient, even if we were to concede the rule contended for by defendant. As said Stephens and Banta were the owners of the property at the time they made the contract with plaintiff, and as they joined in the deeds made to defendant, we must presume that they did so because they had an interest in the property conveyed. It does not lie in the mouth of defendant to say there is no privity—after it took the deeds signed by Stephens and

Banta. The payment of the amount due plaintiff was clearly a part of the purchase money to be paid by defendant. It was nothing to defendant as to whom the purchase money should be paid. If its grantors requested the payment of four thousand five hundred dollars to plaintiff, and defendant agreed to pay said sum, it will not now be allowed to defend this action upon the ground that its grantors did not owe plaintiff. It is not the business of the defendant to go upon a tour of investigation as to the merits of plaintiff's claim against its grantors after agreeing to pay it. If its grantors were satisfied that they owed plaintiff, defendant cannot, after agreeing to pay the said indebtedness, claim that nothing was due. It was said by the supreme court of Pennsylvania in *Merriman* v. *Moore,* 90 Pa. St. 81: "A vendor may direct how the purchase money shall be paid. He may reserve it to himself, donate it to a public charity, or may make such other disposition of it as may best meet his views, and if his vendee agrees to pay it, according to such directions, he cannot set up a defense that his vendor was under no duty to apply it in such manner." (See Warvelle on Vendors, 2d ed., sec. 649; *Dean* v. *Walker,* 107 Ill. 540.[1]) It is provided in the Civil Code (sec. 1559): "A contract, made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." The agreement to pay plaintiff was made expressly for his benefit. It has never been rescinded. In such cases the rule is, that the party for whose benefit the contract or promise is made may maintain an action against the promisor. (*Morgan* v. *Overman S. M. Co.,* 37 Cal. 537; *Flint* v. *Cadenasso,* 64 Cal. 83; *Buckley* v. *Gray,* 110 Cal. 339;[2] *Brewer* v. *Dyer,* 7 Cush. 337.) In the latter case the doctrine is thus clearly stated: "Upon the principle of law long recognized and clearly established, that where one person for a valuable consideration engages with another to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement; . . . that it does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases seem to indicate, but

---

[1] 47 Am. Rep. 467, and note.        [2] 52 Am. St. Rep. 88.

upon the broad and more satisfactory basis that the law, operating upon the acts of the parties, creates the duty, establishes a privity, and implies the promise and obligation on which the action is founded." The case of *Ward* v. *De Oca,* 120 Cal. 104, is not in conflict with the views herein expressed. The facts of that case were very different from the case at bar. The opinion recites that the lower court found upon sufficient evidence that when the deed was made "said De Oca had no notice at that time of any personal liability to pay said notes, or any of them, or any part of them; that it was not intended between the parties to said deeds that the grantee, the said Maria Montes De Oca, should assume or agree to pay the said notes described in said mortgage, or any part thereof, or the mortgage indebtedness, nor was anything other intended by them, than that the said real estate should remain liable for said mortgages, and that to the extent of the said real estate only should said defendant be liable thereon."

It follows that the judgment should be affirmed.

Haynes, C., Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Van Dyke, J., McFarland, J., Lorigan, J., Henshaw, J.

SHAW, J., dissenting.—I dissent. The theory of the plaintiff in the case and of the court below in giving its judgment was, that the resolution of the stockholders and of the board of directors constituted an agreement whereby the defendant assumed the payment of the advances made by the plaintiff under the agreement. The allegation in the complaint is to the effect that by virtue of the resolutions the defendant assumed this obligation, and there is no other fact alleged upon which such assumption could have been based. I am of the opinion that this contention is unsound. The plaintiff was not a party to those resolutions, they were not made at his instance, and they do not purport to have been made for his benefit. The resolution of the stockholders was manifestly adopted for the purpose of vesting in the directors authority to make the purchase of the mines. It

was a mere direction or authority from the principal to the agent, and does not constitute a contract with or for the benefit of any person. The resolution of the directors does not purport to constitute a contract with anybody, and was nothing more than an expression of the intention of the directors to purchase the mines on the terms stated in the resolution, and to authorize the officers of the corporation to accept a deed accordingly. It necessarily included authority to accept the deed on more favorable terms. Neither of the resolutions were made, so far as appears, for the purpose of constituting a contract either with the grantors in the two deeds or with any other person. They authorized the making of a contract, but do not constitute the contract itself. The grantors in the deeds were not parties to the proceedings leading up to and including the passage of the resolutions, and there is no allegation or finding that they relied on the resolutions, nor in the promise therein supposed to be set forth, that the corporation would assume the repayment of the advances. The executive officers of the corporation, in the negotiation for the purchase, succeeded in obtaining, and they were authorized to obtain, the execution of deeds by the vendors, which did not bind the corporation to assume such payment. All negotiations became merged in the deeds and were superseded thereby. The recital in the deeds actually taken, that the defendant took the property subject to the contract, did not make it personally liable for the repayment of the advances. We know of no principle of law which justifies the conclusion that under the circumstances here appearing the resolutions alone can be considered as constituting a contract between the corporation and the grantors. The essential element of consent by the other contracting party is lacking. There is nothing to show that the grantors had any knowledge of the existence of the resolutions at the time they executed the deeds, or that they executed the deeds in consideration thereof or with reference thereto, and hence there could be no promise to them, on the part of the corporation, to repay the advances. Without a promise to the grantors there was nothing of which the plaintiff could take advantage, no promise made for his benefit.

In *Rosborough* v. *Shasta R. C. Co.*, 22 Cal. 561, where the

president of a corporation had served nineteen months upon an understanding with the directors that he was to be paid the reasonable value of his services, and the directors then passed a resolution, apparently with his full knowledge, that the compensation of the president should be established at fifty dollars per month, after which he continued to serve for more than two years, the court decided that the resolution was a sufficient agreement to pay for the past as well as for the subsequent services, so as to prevent the bar of the statute of limitations. The authority of the case was apparently doubted in *McCarthy* v. *Mt. Tecarte L. and W. Co.*, 111 Cal. 341. It seems to be settled that in many cases the minutes or resolutions entered in the books of a corporation may constitute either a contract or sufficient evidence of a contract to satisfy the statute of frauds. (Cook on Corporations, sec. 714.) But we presume that no case can be found holding that such a resolution or entry constitutes a contract or evidence of a contract between the corporation and third persons who had no knowledge of it, and who did not act on the faith of it, nor in consideration of it, and were in no legal sense parties to it. The decision in *Rosborough* v. *Shasta R. C. Co.*, 22 Cal. 561, can be sustained only on the theory that, with respect to the past services, the resolution was a written memorandum of a previous oral contract, and as such sufficient to prevent the bar of the statute of limitations. The defendant in this case cannot be made liable by virtue of the resolutions.

If the purchase was made for the purpose of substituting the defendant in the place of Banta and Stephens in carrying out the agreement as an executory contract, there would be no obligation arising from it to the plaintiff to pay the advances until there had been a resale of the mines to some third person. If, on the other hand, the defendant bought the mine outright, it did not become liable to repay the advances. The recourse of the plaintiff in that case would be upon Banta and Stephens alone for the purchase money which they received, and which, according to the agreement, they were to divide with him. In either case, he has, upon the facts found, no claim against the defendant.

The finding of the court that the defendant, by virtue of the resolutions, assumed the obligation, based as it is upon

the mere fact of the passage of the resolutions, is in reality a conclusion of law, and can have no greater effect than the facts would justify. I think the court attributed greater force and effect to the resolutions than can be given them.

In my opinion the judgment should be reversed and the cause remanded.

Angellotti, **J.**, concurred in the dissenting opinion.