[Civ. No. 2708.   Second Appellate District, Division One.—January 30, 1920.]

SIERRA PAPER COMPANY (a Corporation), Respondent, v. JOSEPH MESMER, Appellant.

[1] SALES—PURCHASE OF GOODS THROUGH AGENT—LIABILITY—EVIDENCE—FINDINGS.—In an action to recover the value of goods alleged to have been sold and delivered to the defendant at his instance and request, evidence that they were bought through a third party who testified to facts showing that in making the purchase he was acting for and as the agent of defendant, who authorized and instructed him to purchase the goods and have the same charged to defendant, if accepted by the court, is sufficient to establish the fact alleged.

[2] AGENCY—PROOF OF—DECLARATIONS OF AGENT.—While the mere declarations of an agent are not admissible to prove his agency, nevertheless, where the question of one's agency is involved, the testimony of the agent, sworn as a witness in the case, is competent to establish the fact in issue, together with its extent and nature.

[3] CONTRACTS—RIGHT OF THIRD PARTY BENEFITED TO SUE.—Where one person for a valuable consideration engages with another to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel for Appellant.

Hocker & Austin for Respondent.

SHAW, J.—Defendant appeals from a judgment rendered in favor of plaintiff.

The complaint contains two counts. [1] In the first, it is alleged that plaintiff, at the special instance and request of defendant, sold and delivered to him goods and merchandise of the value of $111.08, which allegation the court

---

2. Proof of agency by evidence of similar acts by alleged agent, note, 17 L. R. A. (N. S.) 219.

found true. The finding is attacked for want of sufficient support in the evidence. It appears that the goods were bought through one Bowman, who testified to facts showing that in making the purchase he was acting for and as the agent of defendant, who authorized and instructed him to purchase the goods and have the same charged to defendant, which he accordingly did. Conceding that Mesmer contradicted the witness, it was the province of the trial court to determine the conflicting evidence, and since it accepted Bowman's statement as true, it was sufficient to establish the fact so found by the court. **[2]** While the mere declarations of an agent are not admissible to prove his agency, nevertheless, where the question of one's agency is involved, the testimony of the agent, sworn as a witness in the case, is competent to establish the fact in issue, together with its extent and nature. (*Kast* v. *Miller & Lux,* 159 Cal. 723, [115 Pac. 932] ; *Ford* v. *Lou Kum Shu,* 26 Cal. App. 203, [146 Pac. 199].)

In the second count it is alleged that plaintiff sold and delivered to Bowman certain goods and merchandise for which he agreed to pay the sum of $237.19; that thereafter, for a consideration beneficial to defendant, he promised and agreed to pay the said obligation of Bowman to plaintiff, which allegations the court found to be true. This finding is based upon evidence tending to show the existence of business transactions between Bowman and Mesmer, whereby the latter became indebted to Bowman; that thereupon a settlement was had wherein Mesmer agreed to pay certain debts of Bowman, among which was that due plaintiff. A copy of the agreement, which he testified Mesmer signed, was attached to the deposition of Bowman, and Mesmer on cross-examination admitted that he might have signed it, and also testified that, in order to sever his business relations with Bowman, he agreed to pay this bill of $237.19, together with other indebtedness of Bowman's, all of which other bills he paid. This, we think, brings the case within the rule declared in section 1559 of the Civil Code, that, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." **[3]** It is a "principle of law long recognized and clearly established, that where one person for a valuable consideration engages with another to do

some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement." (*Washer* v. *Independent etc. Co.*, 142 Cal. 708, [76 Pac. 657].) That, for a valuable consideration, a contract was made for the benefit of plaintiff is admitted by Mesmer, and there is no evidence tending in the slightest degree to show a rescission of the agreement. It was a new and original promise, based upon sufficient consideration, for the benefit of plaintiff, and hence not an agreement within subdivision 1 of section 2794 of the Civil Code to answer for the debt or default of another.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.