[Civ. No. 4720. Second Appellate District, Division One.—June 28, 1927.]

P. A. STANTON, Appellant, v. SANTA ANA SUGAR COMPANY (a Corporation), Respondent.

Bordwell & Mathews and J. N. Owen for Appellant.

O'Melveny, Milliken, Tuller & Macneil and John O'Melveny for Respondent.

YORK, J.—This is an appeal by plaintiff from a judgment of nonsuit. Plaintiff was the owner of certain land which he leased to one Shiroishi for three years beginning on November 1, 1920, for which Shiroishi agreed to pay plaintiff $4,710. Payments were to be in installments, of which $50 was to be paid on the signing of the lease; $700 on January 5, 1921, and $250 on May 15, 1921, and $500 on October 15, 1921. The other payments are not material in this case. On January 8, 1921, Shiroishi, with the consent of plaintiff, assigned said lease to one Sakurai, who agreed to pay all the rentals as specified in said lease. Sakurai on the eighth day of January, 1921, entered into a contract with defendant, wherein defendant agreed with Sakurai to pay $1,500 of said rentals to plaintiff, and thereupon defendant paid to plaintiff $750 and agreed to pay $250 to plaintiff on May 15th, and $500 thereon on October 15, 1921. Defendant thereafter paid $200 of said sum to plaintiff and was given credit for the $50 paid on the execution of the original contract of lease. Plaintiff prosecutes this action to recover judgment for $500, the remainder of the said $1,500 defendant promised Sakurai he would pay to plaintiff.

Plaintiff's action is based upon section 1559 of the Civil Code of the state of California, which reads as follows: "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind." The complaint does not allege whether the contract was rescinded by the parties to it before the action was brought. It seems to have been considered by the supreme court of this state as an essential allegation in the complaint in *Ericksen* v. *Rhee,* 181 Cal. 566 [185 Pac. 847]. The statement in that case was, however, *obiter dictum,* and we do not consider it binding on us in deciding this appeal. The above is the only case where we have found any suggestion that it should be plead that no rescission of such a contract had been made. Having established that the contract was made, there was no presumption of rescission, and rescission, therefore, if it existed,

should have been set up as an affirmative defense by the defendant. ▆ Again, the action was tried without any claim of rescission having been made, and the substantial rights of the parties were not affected by failure on the part of the plaintiff to plead negatively that no rescission was made before the complaint was filed, and therefore the neglect to plead it could not be ground for reversal. (Sec. 475, Code Civ. Proc.) It will be noted that the section of the Civil Code upon which plaintiff relies for maintenance of this action used the word "expressly" and not "solely." A contract made expressly for the benefit of a third party may have been also for the benefit of one or more of the contracting parties, and has been so made in nearly all the cases where such a contract has been under consideration, since the enactment of said Civil Code provision. The contract under consideration was not to pay out of a certain fund. Plaintiff, under the terms of his lease, was to receive his rent whether the enterprise in which Shiroishi and Sakurai and the defendant were engaged was profitable or involved a loss. It was a contract for unconditional payment to the plaintiff of a certain sum for rent of his property. In fact, defendant paid the plaintiff $950, which was not from any specific fund, but from defendant's moneys without reference to the source from which the moneys came. Independent of said provision in section 1559 of our Civil Code, plaintiff could not maintain this action. ▆ Under that code section, it is well settled that the "third person" may maintain an action against the promisor, although not a party to the contract, when it appears by the contract that it was made expressly for his benefit. The facts of this case make a stronger case for plaintiff than the facts in the case of *Malone* v. *Crescent City M. & T. Co.*, 77 Cal. 38 [18 Pac. 858], as in this case there was an unconditional promise to pay plaintiff $1,500. See, also, *Lewis* v. *Covillaud*, 21 Cal. 179 (overruling *McLaren* v. *Hutchinson*, 18 Cal. 80), and *Washer* v. *Independent Min. etc. Co.*, 142 Cal. 702 [76 Pac. 654]; also, *Flint* v. *Cadenasso*, 64 Cal. 84 [28 Pac. 62].

▆ In the contract under consideration it was clearly expressed that the defendant would pay plaintiff said $1,500, and if there were any doubt as to whether the defendant's promise was for plaintiff's benefit, it appears that plaintiff

before consenting to the assignment of the lease to Sakurai required that the sugar company confirm the obligation to pay the rent. It was no defense to this action that the defendant's contract with Sakurai turned out to be unprofitable to defendant. (*Washer* v. *Independent Min. etc. Co.*, 142 Cal. 702 [76 Pac. 654].)

The motion for a nonsuit made herein does not point out wherein the evidence "does not constitute a cause of action," or wherein evidence is "not sufficient to show any case against the Sugar Company." The record discloses, however, that evidence was introduced or offered after the motion for nonsuit was made, and the record apparently does not disclose that the motion for nonsuit was ever restated after such additional evidence was in.

The defendant's contention that the obligatory words of defendant's contract were written in pencil, in a form provided for such contract by defendant, were not obligatory on defendant cannot be sustained. It was stipulated during the trial that Gerhart, who executed the contract in question on behalf of defendant was acting as agent for defendant with full authority to make the contract. This stipulation, of course, forecloses defendant from making the contention that the contract was not binding on it. It is immaterial whether plaintiff was a party to the contract with defendant, in that it appears that it was made expressly for his benefit. The intention of Sakurai and defendant in making the contract is to be ascertained by the contract itself, and it is clear and free from ambiguity. This conclusion is sustained by the authorities cited by respondent. The other provisions of the contract between Sakurai and defendant in no way modify or affect the contract of defendant to pay plaintiff $1,500, in that plaintiff's right to receive rent was in no way dependent on the cropping contract, and the defendant's promise to pay $1,500 to the plaintiff was in no way conditional on the success or failure of the beet crop. The court did not err in sustaining the objection to the question asked Shiroishi as to whether he had any money with which he could pay the rentals.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.