[Civ. No. 6710. First Appellate District, Division One.—March 12, 1929.]

NORMAN A. LAWSON, Respondent, v. W. A. H. ANDERSON, Appellant.

Hooper & Miller for Appellant.

Peyton H. Moore and Charles W. Hackler for Respondent.

DOOLING, J., *pro tem.*—Appeal by defendant from a money judgment in favor of plaintiff. The parties had been engaged as partners in the retail drug business. While so engaged respondent Lawson borrowed two thousand dollars secured by a mortgage on his home, which he put into the

business. On November 24, 1924, the partnership was dissolved and respondent sold and transferred his interest in the business to appellant. Respondent claimed and the court found that as a part of the consideration for the sale of the business to him appellant agreed with respondent that appellant would assume and pay this two thousand dollars indebtedness. ■ The agreement of the parties was oral and appellant's first contention is that the agreement to pay this indebtedness is a promise "to answer for the debt, default or miscarriage of another" and hence within the statute of frauds (Civ. Code, sec. 1624, subd. 2). Appellant's contention must fail for two reasons: First, the promise was made to the debtor and not to the creditor and a promise to the debtor to pay his debt is not within the statute. (27 Cor. Jur., p. 140, sec. 27; *Sierra Paper Co.* v. *Mesmer,* 45 Cal. App. 667 [188 Pac. 605].) Second, section 2794 of the Civil Code provides that: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing.

" . . . 3. Where the promise, being for an antecedent obligation of another, is made . . . upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation or from any person."

The promise of appellant was made to respondent upon a consideration beneficial to appellant moving from respondent, i. e., the transfer by respondent to appellant of his interest in their partnership business, and falls clearly within the above provision of section 2794. (*Meyer* v. *Parsons,* 129 Cal. 653 [62 Pac. 216]; *Stover* v. *Stevens,* 21 Cal. App. 261 [131 Pac. 332].)

■ Appellant further contends that the evidence does not support the finding that this particular promise was made, and that under the evidence he was entitled to a credit for one thousand dollars put into the business by his father. On both questions the evidence was in substantial conflict and, there being evidence to support the trial court's action, on familiar principles this court will not reweigh it.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.