[Civ. No. 9432. First Appellate District, Division Two.—October 18, 1934.]

HOMER L. LE BALLISTER, Appellant, v. REDWOOD THEATRES, INC. (a Corporation), et al., Respondents.

Maurice E. Gibson for Appellant.

L. S. Hamm and B. E. Kragen for Respondents.

SPENCE, J.—Plaintiff brought this action to recover as a third party beneficiary under an agreement entered into by defendant Redwood Theatres, Inc., with the owners of the controlling interest in the corporation by which plaintiff was formerly employed. Defendant Mann had guaranteed the performance of said agreement by the defendant corporation. The cause was tried by the court sitting without a jury. The findings were in favor of plaintiff upon all issues, but the court made its conclusions of law as follows: "That said contract was not made for the express benefit of plaintiff within the meaning of Section 1559 of the Civil Code of the State of California, and that solely for such reason plaintiff take nothing hereunder and that defendants have judgment against plaintiff for their costs of suit herein

incurred." From the judgment entered in favor of defendants, plaintiff appeals.

The question presented on this appeal is whether plaintiff was entitled, under the provisions of section 1559 of the Civil Code, to recover upon the contract set forth in the complaint. Said section reads as follows: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." The agreement provided for the purchase by the defendant corporation of certain stock of the National Theatres Syndicate for the sum of $43,937.50 and contained the following provision: "It is further understood and agreed that in the event you accept this offer and control of the said corporation is taken over by us, we will retain . . . your Mr. Homer Le Ballister, now employed by you as manager, in some suitable position for a period of one year at a salary of not less than eighty-five dollars ($85.00) per week."

Appellant contends that said contract was one made expressly for his benefit within the meaning of said section 1559 of the Civil Code and that the trial court erred in denying the recovery upon the ground stated. In our opinion this contention must be sustained. While the contract was not made solely and exclusively for appellant's benefit, it was not necessary that it should have been so made in order to entitle him to recover. (*Stanton* v. *Santa Ana Sugar Co.*, 84 Cal. App. 206, 209 [257 Pac. 907]; *Miles* v. *Miles*, 77 Cal. App. 219, 228 [246 Pac. 143].) The word "expressly" means "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly". (Webster's New International Dictionary; see, also, *McKeever* v. *Oregon Mortgage Co.*, 60 Mont. 270 [198 Pac. 752].) Here the respondent corporation agreed in direct and unmistakable terms to employ appellant for a definite period at a salary of not less than $85 per week. It could have done nothing more than it did do to make this provision one "expressly" for appellant's benefit.

Respondent cites certain authorities from this jurisdiction, but we find none of them in point. Those from other jurisdictions cannot be relied upon as the subject is controlled by statute in California. In the California Annotations of the Restatement of the Law of Contracts, the author deals

with this subject under section 133 as follows: "The present rule is codified in Cal. Civ. Code Sec. 1559: 'A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind.' It is evident, therefore, that the only statutory requirement is that the beneficiary be express. Whether or not a contract is one for the express benefit of a third person is a fact sometimes difficult to determine. The test appears to be whether an intent so to benefit the third party appears from the terms of the contract." From a reading of the agreement before us, we believe that the intent to benefit appellant clearly appears from its terms.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 17, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.