TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL

State of California

JOHN K. VAN DE KAMP

Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-702 |
| of | : | APRIL 15, 1987 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| ANTHONY S. DA VIGO<br>Deputy Attorney General | : | |

_____

THE HONORABLE JAMES D. MOSMAN, DIRECTOR, DEPARTMENT OF PERSONNEL ADMINISTRATION, has requested an opinion on the following question:

Does the California Housing Finance Agency have the authority to establish the salaries of its employees without the approval of the Department of Personnel Administration?

CONCLUSION

The California Housing Finance Agency does not have the authority to establish the salaries of its employees without the approval of the Department of Personnel Administration.

1

ANALYSIS

The present inquiry concerns the authority for the fixing of the salaries of employees of the California Housing Finance Agency. Specifically, it must be determined whether the establishment of such salaries by the agency is subject to the approval of the Department of Personnel Administration. The department's authority is found in Government Code section 19825, subdivision (a):

"*Notwithstanding any other provision of law*, whenever any state agency is authorized by special or general statute to fix the salary or compensation of an employee or officer, which salary is payable in whole or in part out of state funds, the salary is subject *only* to the approval of the department before it becomes effective and payable, except as provided in subdivision (b). *The Legislature may expressly provide that approval of the department is not required*".[1]

The authority of the agency to establish salaries is found in the following provisions of the Health and Safety Code:

"50908.

"The Governor shall, subject to confirmation by the Senate, appoint an executive director of the agency and shall, subject solely to supervision by the board, administer and direct the day-to-day operations of the agency. The term of office of the executive director is five years; provided, that the person serving as president of the agency on December 31, 1979, shall continue in office as executive director only for the remainder of the term to which he or she was appointed, unless reappointed prior to expiration of such term. The board shall from time to time determine the total number of authorized employees within the agency. *The board shall determine the salaries of those employees of the agency whose salaries are not paid from moneys appropriated to the agency from the General Fund*, other than moneys appropriated by Chapter 1, Statutes of 1975, First Extraordinary Session." (Emphasis added.)

---

[1] The italicized portions were added in 1984. (Stats. 1984, ch. 471, § 1.) Subdivision (b), regarding judicial agencies, is not pertinent.

2

86-702

"50909.

"*The compensation of the executive director shall be established by the board in such amount as is reasonably necessary, in the discretion of the board, to attract and hold a person of superior qualifications.* However, the salary of the executive director shall not exceed the salary of the Secretary of the Business, Transportation and Housing Agency. Members of the board shall not receive a salary but shall be entitled to a per diem allowance of fifty dollars ($50) for each day's attendance at a meeting of the board or a meeting of a committee of the board, not to exceed three hundred dollars ($300) in any month, and reimbursement for expenses incurred in the performance of their duties under this part, including travel and other necessary expenses." (Emphasis added.)

Thus, the authority of the agency to establish salaries is limited to those of its executive director, and employees whose salaries are not paid from moneys appropriated from the General Fund. Section 51000 of said code provides:

"The California Housing Finance Fund is hereby created in the State Treasury.

"Construction loan funds may be transferred to the construction lender or to the contractor as necessary to meet draws for progress payments pursuant to rules and regulations of the agency.

"All money in the fund is hereby continuously appropriated to the agency for carrying out the purposes of this part, and, *notwithstanding the provisions of Chapter 2 (commencing with Section 12850) of Part 2.5 of Division 3 of Title 2 of the Government Code or the provisions of Article 2 (commencing with Section 13320) of Chapter 3 of Part 3 of such division, or the provisions of Sections 11032 and 11033 of the Government Code, application of the fund shall not be subject to the supervisio*n *or budgetary approval of any other officer or division of state government.* However, the agency's budget shall be reviewed as provided in Section 50913.[2] The agency may pledge any or all of the moneys in the fund as security for

---

[2] Section 50913 of said code provides:
"For its activities under this division, the executive director shall prepare a preliminary budget on or before December 1 of each year for the ensuing fiscal year to be reviewed by the Secretary of the Business and Transportation Agency, the Director of Finance, and the Joint Legislative Budget Committee."

3

payment of the principal of, and interest on, and redemption premiums on, bonds issued pursuant to this part, and, for such purpose or as necessary or convenient to the accomplishment of any other purpose of the agency, may divide the fund into separate accounts. All moneys accruing to the agency pursuant to this part from whatever source shall be deposited in the fund." (Emphasis added.)

Under Government Code section 19825, subdivision (a), *supra*, the salaries in question are subject to the department's approval unless (1) no part of such salary is paid out of "state funds" or (2) the Legislature has expressly provided otherwise.

We first consider whether the salaries in question are paid out of "state funds." The last sentence of section 51000 provides that all moneys accruing to the agency from whatever source shall be deposited in the fund. The first sentence identifies "the fund" as the California Housing Finance Fund within the State Treasury.[3]

We have previously summarized the nature and purposes of the agency. (64 Ops.Cal.Atty.Gen. 575, 576-577 (1981).) It was there observed that in furtherance of its primary purpose to meet the housing needs of persons and families of low or moderate income (Health & Saf. Code, § 50950) the agency is empowered, inter alia, to make development, construction, mortgage, and other loans (Health & Saf. Code, §§ 51054, 51100, 51150) to be financed with bond moneys raised through private sources. (64 Ops.Cal.Atty.Gen., *supra*, 576.) The Legislature declared that it ". . . shall be the policy of the agency to conduct its operations so as to be fiscally self-sufficient and so as not to require appropriations from the General Fund for payment of its administrative costs or to service bonds of the agency." (Health & Saf. Code, § 50956.) The fund revenue is derived from bond sales to private investors which are obligations of the agency and as to which any responsibility of the state is expressly disclaimed. (Health & Saf. Code, § 51374.) While in alternate contexts such bond revenues may be distinguished from "public funds" (see 66 Ops.Cal.Atty.Gen. 50, 57-58, fn. 10 (1983)), the question in each case is ultimately one of legislative intent (*Pierce* v. *Riley* (1937) 21 Cal.App.2d 513, 518).

The term "state funds" first appeared in relevant context in the enactment of section 675b of the Political Code (Stats. 1931, ch. 325, § 7):

---

[3] We are advised and it is assumed that the salaries in question which "are not paid from moneys appropriated to the agency from the General Fund" (§ 50908, supra), are paid from this fund. Further, except with respect to the moneys initially appropriated to the agency during the 1975 First Extraordinary Session, as referenced in that section, all employee salaries, including that of the executive director, have been paid from the fund.

4

"Whenever any state department, board, commission, court or officer fixes the salary or compensation of an employee or officer, *which salary is payable out of state funds*, the salary shall be subject to the approval of the state department of finance before it becomes effective and payable."(Emphasis added.)

Thus, the term appeared, as it now does in Government Code section 19825, in specific reference to state employee salaries. Indeed, the State Civil Service Commission was at that time a division of the Department of Finance. (See *Raymond* v. *Christian* (1937) 24 Cal.App.2d 92, 105.) The apparent purpose of establishing a centralized authority to superintend state salaries was and still is[4] to maintain an internal order and consistency within the overall state salary structure. That this function of the Department of Finance was separate and distinct from its general power of approval over the budgets of state agencies is made clear by the enactment in the same act (Stats. 1931, ch. 325, § 9) of a separate section, numbered 677a of the Political Code, providing in part:

"Every state office, department, institution, board, court, commission, bureau, officer and other agency of the state; for whom appropriations have been made, shall submit to the department of finance for approval, a complete and detailed budget at such time and in such form as may be prescribed by the department of finance, setting forth all proposed expenditures and estimated revenues for the ensuing fiscal year."

Based on this perceived purpose of approval of state employee salaries, the source of funds, whether bond revenue or general fund, would appear to be insignificant. Hence, "state funds" would include any funds owned by the state and allocated for employee salaries, including the funds in question. This definition is consistent with the meaning of "state money" in Government Code section 16305.2:

"*All moneys in the possession of or collected by any state agency or department is* subject to the provisions of Sections 16305.3 to 16305.7, inclusive, and is hereafter *referred to as state money*."(Emphasis added.)

It remains to be considered whether the Legislature has otherwise *expressly* provided. Health and Safety Code section 51000, *supra*, was last amended in 1979 (Stats. 1979, ch. 373, § 201), *prior* to the enactment of Government Code section 19825

---

[4] The Floor Statement which accompanied Assembly Bill 3144 (1983-1984 session) described the purpose of departmental approval as "ensuring that the duties of appointees were comparable to the duties of other appointees receiving similar salaries."

(Stats. 1981, ch. 230, § 55)[5] and its 1984 amendment (fn. 1, *ante*), which added the words "Notwithstanding any other provision of law" and the last sentence providing that "The Legislature may expressly provide that approval of the department is not required." In our view, the words "notwithstanding any other provision of law" may only be construed as superseding *any* preexisting contrary provision. (Cf. 61 Ops.Cal.Atty.Gen. 424, 430 (1978).) Hence, the last sentence must be construed prospectively and would not apply therefore to any contrary provision in section 51000.

In any event, Health and Safety Code section 51000 does not, in our view, provide any such "express" exemption as contemplated by Government Code section 19285. The words "application of the fund" do not relate expressly to the allocation or expenditure of funds for salaries. Nor does the latter section contemplate "supervision or budgetary approval" with respect to the fund. Rather, the special approval function of the department relates solely to the power to fix salaries as distinguished from the superintendence of budgeting procedures. (Cf. *Raymond* v. *Christian*, *supra*, 24 Cal.App.2d at 107.)

In view of the initial supersedure clause of Government Code section 19825, as well as the manner in which the Legislature has expressly exempted other inconsistent provisions,[6] it appears that such an exemption would be indicated by specific reference to that section or at a minimum by "direct and explicit language" pertaining to the approval of salaries by the Department of Personnel Administration. (*Cf. LeBallister* v. *Redwood Theaters, Inc.* (1934) 1 Cal.App.2d 447, 448; 23 Ops.Cal.Atty.Gen. 8, 9 (1954); Webster's Third New Internat. Dict. (1961) p. 803.)

Finally, Health and Safety Code section 51000 provides for review by the Director of Finance. (See § 50913, fn. 2, *ante*.) To the extent that such review involves

---

[5] By this 1981 enactment, the department succeeded to powers formerly vested in the Department of Finance. (Gov. Code, § 18004, repealed, Stats. 1981, ch. 230, § 11; and see generally, Gov. Code, § 19816.) As originally enacted, Government Code section 19825, subdivision (a), provided:

"Unless the Legislature specifically provides that approval of the department is not required, whenever any state agency is authorized by special or general statute to fix the salary or compensation of an employee or officer, which salary is payable in whole or in part out of state funds, the salary is subject to the approval of the department before it becomes effective and payable, except as provided in subdivision (b)."

[6] In this regard, it must be noted that while certain contrary provisions of law, e.g., Government Code sections 12850 to 12856 (pertaining to the supervisory jurisdiction of the agency secretary over constituent departments), sections 13320 to 13326 of said code (pertaining to approval of out-of-state travel), are expressly superseded by Health and Safety Code section 51000, section 19825, providing for approval of salaries, is not.

the approval of salaries, that function was transferred to the department by the explicit terms of Government Code section 19825. In this regard, the analysis of Assembly Bill 3144 (1983-1984 session) by the Legislative Analyst, dated May 8, 1984, stated:

> "This bill clarifies existing law relating to the setting and approval of state civil service employee salaries.
>
> "Under existing law, when a state agency is authorized under statute to establish the salary or compensation of a state civil service employee, the salary is subject to the approval of the Department of Personnel Administration (DPA). This salary approval authority was transferred from the Department of Finance (DOF) to DPA as part of the Governor's Reorganization Plan No. 1 of 1981. *Some statutes, however, still require approval by the Department of Finance*.
>
> "*This bill provides that only DPA approval is necessary before the salary becomes effective*." (Emphasis added.)

It is concluded that the California Housing Finance Agency does not have the authority to establish the salaries of its employees without the approval of the Department of Personnel Administration.

*****

7