[No. 15511. Department Two.—January 2, 1895.]

FRANK FREEMAN, APPELLANT, v. CHARLES BADGLEY ET AL., DEFENDANTS, R. H. QUINCEY, RESPONDENT.

PARTNERSHIP—ASSUMPTION OF DEBTS OF OLD FIRM.—Where a new partner is taken into an old firm it may be shown by circumstances that the new firm assumed the former liabilities. But proof that the new firm recognized the debts of the old firm as its debts does not tend to prove an assumption of the old debts subsequently to the formation of the new copartnership, but that at the time of the formation of the last copartnership the new firm assumed the old debts, and that the liability of the new partner for them was a part of the consideration paid by him for his interest in the partnership.

ID.—STATUTE OF FRAUDS.—An agreement, made after the new partnership
    was formed, whereby the new partner agrees to assume the debts of the
    old firm, is an agreement to pay the debt of another, and must be es-
    tablished in compliance with the statute of frauds.

APPEAL from a judgment of the Superior Court of
Santa Clara County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*H. V. Morehouse,* and *Hiram D. Tuttle,* for Appellant.

*Crandall & Biddle,* for Respondent.

TEMPLE, C.—Appeal from the judgment and from an
order denying a new trial.

Plaintiff, as assignee of George H. Tay & Co., sues to
recover the balance of account for goods sold and deliv-
ered.

The court found that the business was conducted by
Charles Badgley and Charles F. Schettler under the
firm name of Schettler & Co., until November 17, 1888,
when Badgley bought out his partner, and conducted
the business until December 4, 1888, when he formed a
partnership with R. H. Quincey, who is respondent
here.

When the firm of Schettler & Co. was dissolved it
was indebted to George H. Tay & Co. in the sum of
$3,250.30, which indebtedness was then assumed by
Badgley, who incurred a further indebtedness to the
same firm before he formed the partnership with Quin-
cey of $174.05, making the entire debt at that time
$3,424.35.

That in the partnership agreement executed by Badg-
ley and Quincey, December 4, 1888, among other things,
it was agreed as follows:

"And to that end and purpose the said parties hereto
are each to be equal partners, and each own one-half of
the stock, tools, goodwill, contracts now entered into by
said Badgley or by the firm of Schettler & Co., the pre-

decessors of said Badgley in said business, and each is required to pay one-half of the obligations and demands now existing against said Schettler & Co. and said Badgley in said business, which indebtedness said Badgley hereby guarantees shall not exceed the sum of $2,949.33."

It was also found that on the trial plaintiff disclaimed any right to recover upon the partnership agreement or any part thereof, but based his right solely upon an agreement made subsequently to the partnership.

That Quincey paid to creditors of Badgley and of Schettler & Co. other than George H. Tay & Co., $1,440.94; that George H. Tay & Co. sold to Badgley and Quincey goods to the amount of $2,498.89, all of which had been paid; that on the eighth day of December, 1888, the firm of Badgley and Quincey agreed to pay George H. Tay & Co. $4,861.77, of which sum they have paid $4,807.50, leaving $54.27 still due and unpaid, for which sum judgment was ordered.

Plaintiff, in his motion for a new trial, claims that the finding to the effect that the sum of $2,498.89 has been paid is not supported by the evidence.

Looking at the statement it is quite evident that the court did not intend to find that on the eighth day of December, 1888, Badgley and Quincey undertook to pay George H. Tay & Co. $4,861.77, or any other sum, as an indebtedness then accruing. The contention was that the new firm thereby assumed the old debts. The old debts added to the then existing debts of the new firm did not amount to that sum by more than $1,100. On the other hand, the court did not intend to find that Badgley and Quincey had paid $4,807.50 of the money agreed to be paid on the 8th of December, 1888, and $2,498.99 for goods subsequently purchased by the new firm. The total amount which the new firm paid to George H. Tay & Co. was $4,807.50.

Respondent denies that he ever undertook to pay any sum of money to George H. Tay & Co., or to the creditors of Badgley, except as provided in the articles of

copartnership by which the new firm assumed such debts to the extent of $2,949.33. The evidence shows that Badgley and Quincey have already paid more than that sum to such creditors.

The agreement upon which suit is brought is charged to have been made after the contract of partnership was made. At the trial, and now, plaintiff disclaims any right based upon the partnership agreement, but says his action is founded upon a subsequent agreement.

I find no evidence which tends to prove a subsequent agreement to that effect, or such as the court has found. Where a new partner is taken into an old firm it may be shown by circumstances that the new firm assumed the former liabilities. But proof that the new firm recognized the debts of the old firm as its debts does not tend to prove an assumption of the old debts subsequently to the formation of the new copartnership, but that at the time of the formation of the last copartnership the new firm assumed the old debts; that the liability of the new partner for them was a part of the consideration paid by him for his interest in the partnership.

This proof, however, by circumstances only raises a presumption which may be rebutted by direct proof as to what the copartnership agreement was. Such proof is furnished here by the written articles of copartnership. The plaintiff, therefore, to avoid the effect of that proof, claimed that his cause of action against Quincey did not arise from the partnership agreement, but from a contract made subsequently. That would be an agreement to pay the debt of another, and must be established in compliance with the statute of frauds. Quincey plead that the agreement was without consideration. There is no express finding upon that issue.

The findings are inconsistent and confusing; so much so that I think a new trial should be awarded. Apparently it is found that Badgley and Quincey agreed to pay George H. Tay & Co. a sum greater than was due them. Other findings, however, show that no such effect

was intended. Very likely the attorneys are to blame for this confusion, but I think justice requires that a new trial be awarded.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial granted.

FITZGERALD, J., McFARLAND, J., DE HAVEN, J.