(23 App. Div. 91.)

MOSER v. WALKER et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1897.)

MORTGAGE—EXTENSION—CONSIDERATION.
　　Though there need be no money consideration for a mortgagee's agreement to extend the mortgage, yet some consideration is essential to its validity.

Appeal from special term, Suffolk county.

Action by Caroline Moser, now Abele, against Louise Moore Walker and others. Judgment for plaintiff, and defendants Louise Moore Walker and Rachel D. Hamilton appeal.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Jonathan C. Ross, for appellants.
Thomas J. Ritch, Jr., for respondent.

WILLARD BARTLETT, J. This action was brought to foreclose a mortgage for $3,500 made by the defendants Louise M. Walker and Herbert H. Walker, her husband, and covering certain farm property at Rocky Point, in the county of Suffolk. The mortgage was executed on the 15th day of April, 1892, and the principal was by its terms payable on the 20th day of April, 1894, with interest semiannually at 6 per cent. until the whole sum should be paid.

The present suit, which was begun on July 24, 1896, is based upon the failure of the mortgagors to pay the principal, and the plaintiff also claims interest from October 15, 1895. The mortgaged premises were conveyed to Rachel D. Hamilton in 1894, and she was made a defendant as owner of the equity of redemption. In behalf of the defendant Louise M. Walker the plea of usury was interposed. Her husband, who acted as her agent in most of her transactions relating to the mortgage, put in no defense. Miss Hamilton, by her answer, set up an agreement with the plaintiff, which she alleged was made on or about October 15, 1895, to extend the payment of the mortgage one year from that date. Evidence in support of both defenses was given by the defendants upon the trial. Miss Hamilton also introduced testimony tending to show that the conveyance to her, although absolute on its face, was really only a mortgage by which Mrs. Walker secured her for interest which she paid on account of the mortgage in suit. The learned trial judge found for the plaintiff, rejecting both the defenses, and also holding that Miss Hamilton was the absolute owner of the Rocky Point property, which she took subject to the plaintiff's mortgage.

We have carefully read the record in this case, and we find that it affords ample support for the decision of the special term on all the questions which were presented for adjudication. Upon the issue of usury there was the plainest possible conflict between the testimony of the plaintiff and that of Mr. Herbert H. Walker; and, while there was corroborative evidence in support of his version of the transaction, there were also many facts which tended to sustain the plaintiff's statement. The conclusion which ought to have been reached as to the veracity of these parties depended very largely upon their personal demeanor upon the witness stand and their manner of giving testimony; and these were under the observation of the trial judge, while they cannot be conveyed to us by the printed record. Under such circumstances, we cannot reverse a finding of fact without practically constituting ourselves a court for the trial of cases instead of a court of review.

As to the alleged extension of the time of payment of the mortgage in suit for one year from October 15, 1895, set up in the answer of the defendant Hamilton, the evidence in her behalf is practically uncontradicted; but it falls short of establishing any such agreement founded upon a sufficient consideration. According to this evidence, Miss Hamilton was paying interest on the mortgage to the plaintiff in October, 1895. She had found a friend, named Mrs. Mary Watson, who was willing to take up the mortgage. Mrs. Watson went with Miss Hamilton to see the plaintiff, and Miss Hamilton told the plaintiff that if she wanted her money Mrs. Watson would repay it. "She said she didn't want her money; it was a good mortgage, and she would let it remain. She said it could remain for a year and longer, if necessary, and, in case I sold the property, to state that to the purchaser of it." The plaintiff, at the same interview, seems to have expressed a desire that Miss Hamilton should get a written statement from Mr. Walker in regard to some other matter of business between the plaintiff and that gentleman; but

the procurement of this statement does not seem to have had any connection whatever with the alleged extension.     To establish a valid contract for extending the time of the payment of the principal sum secured by the mortgage, it was essential for the defendant to show a consideration.     This need not necessarily have been the payment of money, but could consist of mutual stipulations.     Olmstead v. Latimer, 9 App. Div. 163, 4 N. Y. Supp. 44; Robertson v. Clocke, 18 App. Div. 363, 46 N. Y. Supp. 87.     But we find no consideration of any kind proved in the present case.     The arrangement, if any was made, was one which bound the plaintiff to wait a year for her money, but left Miss Hamilton at liberty to pay off the mortgage at once.     If the contract had been one under which Miss Hamilton would have been obliged to postpone payment of the principal until the end of the year, in the meantime paying interest thereon, a different question would have been presented.

The judgment should be affirmed, with costs.     All concur.