(30 Misc. Rep. 250.)

### TITLE GUARANTEE & TRUST CO. v. WEIHER et al.

(Supreme Court, Trial Term, New York County. January, 1900.)

1. MORTGAGES—ASSUMPTION—NOTICE.
   Filing a deed, wherein the grantee assumed a mortgage on the premises conveyed, in the register's office, was not notice of such assumption to the holder of the mortgage, since it was not bound to inspect the records subsequent to the time of filing the mortgage.
2. SAME—FORECLOSURE—PARTIES.
   When a mortgagor conveyed the mortgaged premises to one who assumed the mortgage, such grantee was not a necessary party to suit to

foreclose the mortgage by a holder of the mortgage without notice of such assumption.

8. SAME—MORTGAGOR AS SURETY—AGREEMENT TO EXTEND TIME FOR PAYMENT —CONSIDERATION—VOID AGREEMENT.

A mortgagor conveyed the premises subject to the mortgage, after which the mortgagee, without the knowledge or consent of the mortgagor, agreed with the owner of the equity of redemption to extend the time for payment of the debt, without any new consideration. *Held* that, by the conveyance subject to the mortgage, the mortgagor became surety for the owner of the equity of redemption, and that the agreement of the mortgagee being void, as without consideration, it did not have the effect of discharging the surety, and hence the mortgagor was liable for any deficiency arising on the mortgage sale.

Action by the Title Guarantee & Trust Company against Lorenz F. J. Weiher, Jr., and others. Motion by defendant to open a deficiency judgment in foreclosure. Denied.

Simon Sultan, for motion.

W. H. Stockwell, opposed.

GILDERSLEEVE, J. The defendant Weiher executed a mortgage on certain real estate to Maud L. Hall and Edith L. Hall. Subsequently he conveyed the said premises to one Burgart. In the said deed, which was duly recorded, appears the following stipulation, viz.:

"Subject, however, to a certain mortgage for $13,000 made by Lorenz F. J. Weiher, Jr. [the mortgage in question], * * * which mortgage the said party of the second part [said Burgart] hereby assumes and agrees to pay, as part of the consideration of this grant."

Burgart conveyed the property in turn to one Bohlen, and the said premises passed through several grantees, in each case subject to the said mortgage, until they are now in the name of one Batton. Meanwhile, and after the transfers from Weiher to Burgart and from Burgart to Bohlen, the mortgage was assigned to the plaintiff herein. In said transfer of the mortgage appear the following words, viz.:

"Which said mortgage [i. e. the one above referred to] is hereby extended, to be paid on the 12th of March, A. D. 1899, together with the bond or obligation described in said mortgage, and the moneys due and to grow due thereon, with the interest."

Thereafter, and subsequent to said 12th of March, 1899, the mortgage was foreclosed. The said Weiher was duly served with process and appeared in the action, but allowed his default to be taken. The said Burgart was not made a party to the action. Judgment was duly entered, and said Weiher, as mortgagor, was charged with any deficiency that might arise upon the sale.

The said Weiher now moves to open said judgment, on the ground that he is not liable for a deficiency, and for leave to come in and defend. It is the theory of the moving party that by the assumption of the mortgage by Burgart the latter became the principal debtor, and said Weiher a mere surety, and that the extension of the time of payment provided for in the assignment of the mortgage operated to discharge Weiher as such surety, for the reason that the time was so extended without his knowledge or consent.

63 N.Y.S.—15

It is also claimed that Burgart was a necessary party to the action. It is a general principle of law that, where a deed contains a covenant upon the part of the grantee to pay a mortgage upon the premises executed by the grantor, the relation of principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment, made without the consent of the grantor, discharges the grantor. See Calvo v. Davies, 73 N. Y. 213. However, in the case of Marshall v. Same, 78 N. Y. 421, Judge Rapallo uses this language, viz.:

"It is very clear, however, that in the absence of notice of any change in the position of the mortgagor, and of any request to foreclose, a mortgagee out of possession may rely upon the personal liability of his debtor, and is not bound to look after or protect the mortgaged premises, and that if he forecloses the mortgage the debtor is entitled to credit only for the net proceeds of sale realized by his creditor after the deduction of all liens for taxes, etc., and remains liable for the deficiency."

In the case at bar the only notice to the holder of the mortgage of the assumption of the mortgage by Burgart was such as may be construed from the fact that the deed containing the assumption was placed upon the public files in the register's office. It has been held in Mead v. Parker, 29 Hun, 66, that this was no notice, for the purchaser of the mortgage was not required to inspect the record subsequent to the time when the mortgage was recorded, and that the record of the deed subsequent to the mortgage was no notice to the assignee of the mortgage of the existence of such deed. Furthermore the plaintiff claims that the extension of payment set forth in the assignment of the mortgage was without consideration and void (see Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685), and that in point of fact the extension was not acted upon. It seems that the mortgage was not foreclosed until a considerable time after the expiration of the date of extension mentioned in the assignment of the mortgage. Moreover, the defendant Weiher knew that the complaint asked for a judgment against himself for any deficiency, and also was aware that Burgart was not a party to the action; and nevertheless he deliberately allowed his default to be taken, and waited until after the entry of the judgment, and almost until the day of sale, before raising any objection in the action. The plaintiff claims that Burgart was not a necessary party, as he had conveyed all his interest in the premises to Bohlen, who took the premises subject to the mortgage. The plaintiff concedes that, had plaintiff or its assignors had notice of the assumption of the mortgage by Burgart, the latter would certainly have been a necessary party to the action, as he had assumed payment of the mortgage and become principal debtor, while Weiher had become a mere surety (see Calvo v. Davies, supra; Marshall v. Same, 78 N. Y. 421); but he claims that, as the mortgagee does not appear to have had proper notice of the shifting of liability, as principal, from Weiher to Burgart, the holder of the mortgage can, under the doctrine of Marshall v. Davies, supra, look to Weiher as principal, and Burgart becomes unimportant, having passed the property on to Bohlen, subject to the mortgage; and the plaintiff urges that the extension of the time of payment, therefore, whether with

·or without consideration, and whether or not acted upon, did not operate to release Weiher from his liability for the deficiency. Weiher explains his laches by claiming that he did not know of the extension of the time of payment. He had, however, the same notice of that as plaintiff had of the assumption of the mortgage by Burgart, as both the assignment, containing the extension, and the deed, containing the assumption, were duly filed in the register's office. The agreement made by the mortgagee with the owner of the equity of redemption, who had purchased the premises subject to the mortgage, that the payment of the mortgage debt might be delayed until March 12, 1899, apparently left the owner at liberty to pay off the mortgage at once, if he wished to do so, and was therefore without consideration, and not enforceable. See Moser v. Walker, 23 App. Div. 91, 48 N. Y. Supp. 341. This agreement for the extension of the time of payment, being without consideration, was not binding upon the mortgagee, and hence was ineffectual to discharge the obligor on the bond to which the mortgage was collateral. See Insurance Co. v. Stimpson, 28 App. Div. 544, 51 N. Y. Supp. 226. To have the effect of discharging the surety, an agreement for the extension of time of payment made by the creditor with the principal debtor without the consent of the surety must be upon a valid consideration, such as will preclude the creditor from enforcing the debt against the principal; and an agreement by a mortgagee to extend the time of payment of the bond and mortgage until a future day, without other consideration than the continuance of the original terms, including the tax, insurance, and interest clauses, is void for want of consideration. See Olmstead v. Latimer, 158 N. Y. 313, 53 N. E. 5, 43 L. R. A. 685.

Motion denied, with $10 costs.