[Sac. No. 692.   In Bank. — April 5, 1901.]

## J. W. McCARTHY, Respondent, v. MICHAEL E. PHELAN, Appellant.

MINING CLAIMS — LOCATION — MARKING OF BOUNDARIES — QUESTION OF FACT. — The question whether the location of a mining claim has been distinctly marked upon the ground so that its boundaries can be readily traced, is one of fact to be determined by the trial court upon the evidence presented to it upon that issue.

ID. — INSUFFICIENT LOCATION — ORDER GRANTING NEW TRIAL — DISCRETION — APPEAL. — Where the findings as to the particulars of the location of a claim are not sustained by the evidence, the discretion of the court in granting a new trial on the ground that the boundaries were in fact insufficiently marked, and that there was not a sufficient description of the claim located, will not be disturbed upon appeal.

ID. — PLEADING — EVIDENCE — FORFEITURE — FAILURE TO DO ANNUAL WORK — OBJECTION — APPEAL. — An objection to evidence of the facts constituting a forfeiture of plaintiff's location for failure to do annual work, that it was irrelevant, immaterial, and incompetent, does not include the specific objection that it was not admissible under the answer, because no such forfeiture was pleaded; and having tried the case without making such objection, it cannot be urged upon appeal for the first time.

APPEAL from an order of the Superior Court of Tuolumne County granting a new trial.   G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, and J. B. Curtin, for Appellant.

J. F. Rooney, and J. H. Daly, for Respondent.

HARRISON, J. — Action to quiet title to a mining claim.
The defendant is in the possession of the property, and the plaintiff alleges ownership and right of possession in himself.

The defendant denies the plaintiff's allegations, and alleges his own ownership, setting forth, also, his location of the claim under the laws of the United States. The cause was tried by the court, and findings of fact made by it, to the effect that the plaintiff made a location of the claim, October 14, 1895, — giving the character of the location and of the notice thereof; that from the time of said location until the first day of January, 1897, there was not one hundred dollars' worth of work done upon the claim; that on January 18, 1897, the lands were public mineral lands of the United States, open to location, and that on that day the defendant entered thereon and located the same in sufficient compliance with the requirements of the United States laws. The court also found that on the 26th of March, 1896, the plaintiff again entered upon the claim for the purpose of relocating the same, and therein performed the acts required therefor under the laws of the United States. Upon these facts the court found that the defendant was the owner and entitled to possession of the claim, and rendered judgment in his favor. The plaintiff moved for a new trial upon the grounds of the insufficiency of the evidence to justify the decision, and for certain errors of law committed at the trial, specifications of which were set forth in the statement. The court granted his motion, setting forth in its order as the grounds upon which it was made: —

1. That the findings of forfeiture were outside of the issues raised by the pleadings;

2. That the plaintiff's notice of location of October 14, 1895, is void for not containing a sufficient description of the claim;

3. That said mine was not open to location, January 18, 1897, in that the plaintiff had made a valid location of claim, March 26, 1896.

From this order the defendant has appealed.

In the statement upon his motion for a new trial the plaintiff specified as one of the grounds for granting the same, that the evidence was insufficient to justify the finding of the court that in making his location of the mining claim in October, 1895, the plaintiff marked off the boundaries thereof in such a manner that they could be readily traced; and the statement of the court in its order granting the motion, that the plaintiff's notice of location did not contain a sufficient description of the claim, was made in pursuance of this specification.

Section 2324 of the Revised Statutes of the United States,

authorizing the location of mining claims, declares: "The location must be distinctly marked on the ground, so that its boundaries can be readily traced." Whether the location of a mining claim has been distinctly marked on the ground so that its boundaries can be readily traced, is a question of fact to be determined in each case by the trial court upon the evidence presented to it upon that issue. (*Erhardt* v. *Boaro*, 113 U. S. 527; *Hammer* v. *Garfield Mining Co.*, 130 U. S. 291; *Bennett* v. *Harkrader*, 158 U. S. 441; *Book* v. *Justice Mining Co.*, 58 Fed. Rep. 106; *Warnock* v. *De Witt*, 11 Utah, 324; *Golden Fleece etc. Co.* v. *Cable Gold etc. Co.*, 12 Nev. 312; *Gleeson* v. *Martin White M. Co.*, 13 Nev. 442; *Howeth* v. *Sullenger*, 113 Cal. 547.)

In *Erhardt* v. *Boaro, supra,* the notice of location was as follows: "We, the undersigned, claim fifteen hundred feet on this mineral-bearing lode, vein, or deposit," and an instruction by the circuit court that the notice was deficient, and that under it the locators could not claim any more than the very place in which the stake was planted, was held to be incorrect, the court saying that the notice "informed all persons subsequently seeking to excavate and open the lode or vein that the locators claim the whole extent along its course which the law permitted them to do. It is, indeed, indefinite in not stating the number of feet claimed on each side of the discovery point, and must therefore be limited to an equal number on each side, — that is, to 750 feet along the course of the lode or vein in each direction from that point. To that extent, as a notice of discovery and original location it is sufficient."

In *Gleeson* v. *Martin White M. Co., supra,* a notice of location in which only its extent along the lode was given was held sufficient, and that the width of the claim was to be determined by the boundaries marked upon the surface of the ground under the limitations prescribed in section 2324 of the Revised Statutes.

In *Hammer* v. *Garfield Mining Co., supra,* the court said that stakes driven in the ground may be such permanent monuments as will satisfy the requirements of the statute.

The evidence in the present case of the plaintiff's location of the claim in October, 1895, was that of the plaintiff himself, who identified the copy of the notice which he posted upon the claim, and who testified as to the manner in which he had marked its boundaries. The court, in its findings,

specifies many particulars in reference to the manner in which these boundaries were marked, which find no support in the evidence contained in the statement, and it is recited in the statement that it contains all the evidence that was admitted in the case. If the court, upon a re-examination of this evidence, was of the opinion that it had erred in finding that the plaintiff did mark off the boundaries so that the claim could be readily traced, and that for this reason there was not a sufficient description of the claim, it was justified in setting aside its decision. Its action in this respect was so far a matter within its discretion as to preclude us from a review thereof.

As the order granting a new trial must be affirmed, it is unnecessary to determine whether, in an action of this character, it is incumbent upon the defendant to allege the facts constituting a forfeiture of the plaintiff's right to the possession of the claim. When the evidence upon this point was offered, the only objection thereto was the general one that it was irrelevant, immaterial, and incompetent. If the plaintiff would have objected thereto that the evidence was not admissible under the pleadings, he should have specified this ground of objection, and the defendant could then have asked leave to amend his answer. Having tried the cause without making the objection that the evidence was not within the issues, he ought not to be permitted now to make that objection. Upon the cause going down to the superior court, if the defendant shall be advised that an amendment of his pleadings in this particular is proper, that court will doubtless allow such amendment to be made.

The order is affirmed.

Garoutte, J., Van Dyke, J., and McFarland, J., concurred.