[Civ. No. 1072. Third Appellate District.—February 19, 1913.]

CHARLES F. STOVER, Respondent, v. L. C. STEVENS and S. F. BROWN, Copartners as Stevens & Brown, Defendants; S. F. BROWN, Appellant.

PARTNERSHIP—ACTIONS—VARIANCE BETWEEN PLEADING AND PROOF—TIME TO RAISE OBJECTION.—In an action against a partnership an objection that there is a variance between the averments and the proof offered should be pointed out by the defendant at the time, so that, if well taken, opportunity may be given to amend the complaint.

ID.—ASSUMPTION OF DEBT BY PARTNER—EVIDENCE AND FINDING—APPEAL.—In an action against a partnership a finding, based on conflicting evidence, that the assumption of the debts of one of the partners was part of the consideration for the partnership agreement, will not be disturbed on appeal.

ID.—STATUTE OF FRAUDS—ORIGINAL OBLIGATION.—An agreement by an incoming partner to assume the indebtedness of the other partner, as part consideration for forming the partnership, is not within the statute of frauds; it is an original obligation.

ID.—JOINT LIABILITY OF PARTNERS FOR FIRM DEBTS.—Partners are jointly liable for the debts of the partnership.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

Grover C. Julian, and R. M. Rankin, for Appellant.

L. N. Peter, and M. C. Kerr, for Respondent.

CHIPMAN, P. J.—Plaintiff brings the action to recover for certain cattle sold to defendants by plaintiff and also as assignee to recover for merchandise sold and delivered, for work and labor performed, for rentals and for pasture, on twenty-nine different claims of like number of persons and for various sums—in all amounting to $3,521.75. The cause was tried by the court without a jury and plaintiff had judgment for $3,372.27, from which defendant Brown appeals.

Defendant Stevens failed to answer and his default was entered. Defendant Brown answered and denied the existence of the alleged copartnership prior to June 27, 1910, and denied the alleged indebtedness in each instance. The complaint was filed September 28, 1910, and alleged that defendants "are now and at all times hereinafter mentioned have been copartners under the firm name and style of Stevens & Brown at the county of Plumas." The court made its findings as to the partnership in the language following: "That defendants are now, and at all times in said complaint mentioned have been, copartners under the firm name and style of Stevens & Brown." This finding is in effect the same as the averment of the complaint with the further fact that the partnership was existing at the time the findings were filed, to wit, March 17, 1911.

The evidence was that the partnership was formed June 27, 1910, as the result of a conference between the parties a few days prior thereto and was orally entered into. In its findings upon the several claims or counts the court follows the averments of the complaint. For example: "That on the 24th day of September, 1910, defendants were indebted to one Antone Vrisimo in the sum of $92.00 for and on account of work and labor performed by said Antone Vrisimo for defendants, at the county of Plumas, state of California, within two years last past, and prior to said 24th day of September, 1910." The dates stated in the counts are all in September, 1910, none earlier than the 20th and none later than the 27th.

Appellant addresses himself first to the personal claim of plaintiff, claiming that there is no evidence of any indebtedness of the firm of Stevens & Brown to plaintiff and that the finding can only be sustained on the theory that Brown assumed the personal indebtedness of Stevens; that there is neither pleading, evidence, nor finding that defendant Brown agreed to pay or assumed the indebtedness of Stevens existing prior to the partnership. Cases are cited as holding that an incoming partner is not liable for the debts of the old firm unless he agrees to become so. It is also contended "that in order to recover the debts of the old firm from an incoming partner there must be some allegation in the complaint connecting him with the liability." And that the

court erred in overruling defendant's objection to evidence tending to prove an indebtedness existing prior to the formation of the partnership. In nearly all the claims the evidence related to the prior indebtedness of Stevens as well as to the firm indebtedness. In plaintiff's personal claim the evidence offered related to the balance due Stevens at the time the partnership began and also to the amount due at the commencement of the action, and the objection and ruling will illustrate the point made.

Defendant L. C. Stevens was called as a witness for plaintiff. "Q. What if any understanding was had between you and the defendant Brown as to the assumption by you and the defendant Brown, or the partnership, of the indebtedness existing at that time?" (the date of the formation of the partnership, June 27, 1910.) "Mr. Rankin: Objected to as irrelevant, immaterial and incompetent, unless first shown whether or not in writing. Q. At the time of the commencement of this action, what was the balance, if any, due to plaintiff? Mr. Rankin: Objected to as immaterial, irrelevant and incompetent; evidence of the balance due the plaintiff Stover at any time prior to June 27, 1910, is barred by provision 1624 (Civil Code) unless it is first shown the assumption of the debt by the firm is in writing. . . . Mr. Peter: We expect to connect this plaintiff by evidence to bring it within the terms of the statute."

There was a general demurrer but no special demurrer to the complaint. The averment of the complaint, in the several counts, is that the person named was, on the date named, indebted to the plaintiff in the sum named, for (merchandise sold, or other consideration specifically named) at defendants' request, within two years last past and prior to the date mentioned—followed by an averment of the assignment of the claim to plaintiff. The evidence of indebtedness was in support of the complaint and if, as is claimed, there was a variance between the averments and the proof offered, or that the evidence was not within the issues, defendants should have pointed it out then and there so that, if well taken, opportunity might have been given to amend the complaint. (*Knox* v. *Higby,* 76 Cal. 264, [18 Pac. 381]; *Henry* v. *Southern Pacific R. R. Co.,* 50 Cal. 176.) The point raised as to the statute of frauds must be decided in view of the circum

stances attending the transaction, or formation of the partnership.

There was evidence that some time prior to the formation of the partnership Stevens had been carrying on the butcher's business, selling meats and some other articles at the towns of Prattville and Greenville. A few days prior to June 27, 1910, he took defendant Brown over his delivery route and explained the business to him. He explained in a general way how the business stood; what his liabilities were and what the book accounts receivable and other assets amounted to. Upon this showing Brown agreed to enter into partnership, which began June 27, 1910. Upon the terms of the agreement there is some conflict between the testimony of Stevens and Brown. Stevens testified: "Q. What, if any, understanding was had between you and the defendant Brown as to the assumption by you and the defendant Brown or the partnership of the indebtedness existing at that time? A. Well, the only thing that was said about that, I figured up my indebtedness and my resources and Mr. Brown agreed to put in as much money in the business as I had invested, over and above my liabilities assuming a portion of the debt and also assuming the resources, his portion of the resources, and I took credit for the amount of the resources over and above my liabilities. . . . Q. What was Brown to get for his in consideration of that agreement, what, just state the whole agreement again? A. He was to get, he was to have one-half interest in my butcher business, personal property and my book accounts, and he was to assume his one-half interest of the liabilities. Q. What liabilities? A. That I owed at the time of the commencement of the partnership, debts that I owed to my creditors. Q. What was he to get out of the produce of the business from that time on? A. He was to have half of the profits, I supposed he was a full partner, a half interest. . . . Q. What was the consideration he was to pay you for that arrangement? A. I was to have credit for the difference between the resources and liabilities of the business and what I put into it. Q. Was that arrangement made on a trip down to the river? A. I couldn't state what day that arrangement was made; it was made prior to the 26th day of June. Q. You say you stated, what did he say about the agreement? A. He was satisfied with it; he didn't

make any objection to me—went into the business and put his money into it. Q. Was anything said about these old debts of yours should be paid? A. I told him at the time that I wouldn't take him in unless he would assume part of the debts and take his chances on the book accounts the same as I had to; I couldn't close the business out and start in new, carrying on the business as it was if he would. Q. Wasn't there an arrangement made by which the debts were to be paid off out of the business as it went along? A. I told him the debts would have to be paid out of the business; I couldn't close the business and take him into it; I would have to carry it along that way.''

It appeared that the list of accounts was made up shortly after June 27, 1910, showing the liabilities and assets, which was shown to Brown. At the beginning of the copartnership the firm commenced to deal with its said creditors paying off their indebtedness in money or supplying them with meat and in some instances making purchases from them. The evidence tends to show that Brown entered upon and continued the relation upon the terms testified to by Stevens, although he denied, on the witness stand, that he agreed to pay the liabilities of Stevens otherwise than from the earnings of the business. The trial court resolved the conflict in the evidence in favor of plaintiff and we are not at liberty to disregard its decision on the facts. Appellant contends that Brown's assumption of Stevens's debts was after the formation of the partnership and that this subsequent agreement would be an agreement to pay the debts of another and must be established in compliance with the statute of frauds, citing *Freeman* v. *Badgley,* 105 Cal. 373, [38 Pac. 955].) The evidence is that the assumption of Stevens's debts was part of the agreement and consideration in forming the partnership. It is true that the assets and liabilities or the names and amount due each creditor were not then definitely known, but the facts were to be made known by a statement being prepared and was soon after made out and shown to Brown and acted upon by the firm as correct. It was said in the case cited: ''But proof that the new firm recognized the debts of the old firm as its debts does not tend to prove an assumption of the old debts subsequently to the formation of the new copartnership,

but that at the time of the formation of the last copartnership the new firm assumed the old debts; that the liability of the new partnership for these was a part of the consideration paid by him for his interest in the partnership.''

The facts here do not bring the case within the provisions of section 1624 of the Civil Code (the statute of frauds), but within the exception mentioned in subdivision 2 of that section, to wit, the provisions of section 2794 of the same code: ''A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: 1. Where the promise is made by one who has received property of another upon an undertaking to apply it pursuant to such promise; . . . 3. Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor; . . . or upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person.'' In a case somewhat similar in its facts it was held that ''the contract between plaintiff and defendants was not one to answer for the debt or default of another, but was a contract of sale accompanied by delivery of the property sold; it was not, therefore, within the statute of frauds.'' (*Meyer* v. *Parsons,* 129 Cal. 653, [62 Pac. 216].)

The court found, in effect, that the partnership existed at all times mentioned in the complaint, which would reach back of June 27, 1910, when the partnership was formed. This finding, though unsupported in part, was without prejudice to appellant. The evidence showed that each claim was either for the debt of Stevens accruing within two years from the commencement of the action or of the firm during its existence.

Appellant relies on the objections generally made as hereinabove stated. There is no attack upon the several claims as unsupported by evidence otherwise than as these general objections are urged to all of the claims. It hardly need be added that partners are jointly liable for the debts of the partnership. (*Harrison* v. *McCormick,* 69 Cal. 616, [11 Pac. 456].)

We discover no prejudicial error in the record and the judgment is, therefore, affirmed.

Hart, J., and Burnett, J., concurred.