[Civ. No. 2966. First Appellate District, Division One.—December 17, 1919.]

## KERNAN ROBSON, Appellant, v. MICHAEL O'TOOLE et al., Defendants; JOHN G. HOYT, Respondent.

[1] MORTGAGES—TRANSFER OF PREMISES—ASSUMPTION OF MORTGAGE—PRINCIPAL DEBTOR AND SURETY—AGREEMENTS EXPRESS AND IMPLIED.—The person who, in taking over mortgaged premises, agrees to assume and pay the mortgage becomes by virtue of said agreement the principal debtor, while the person with whom he makes such agreement becomes as to such agreement and as to such mortgage his surety that he will perform the same. This agreement as to his immediate grantor is express; but there arises out of it also an implied agreement to the same effect as to the several predecessors of his immediate grantor back to the original mortgagor.

[2] ID.—FORECLOSURE PROCEEDINGS—DEFICIENCY JUDGMENT—REMEDY OF MORTGAGOR—PLEADING.—Where the mortgagee commences foreclosure proceedings against the mortgagor and also against the successive grantees who, in taking over the mortgaged premises, agreed to assume and pay the mortgage, the mortgagor may present a cross-complaint against such subsequent grantees to recover the amount of the deficiency judgment, if any, that may be ren-

dered in favor of the mortgagee, and he compelled to pay, or he may wait until he has been compelled to pay such deficiency judgment and then prosecute an independent action against such grantees for reimbursement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Reversed.

The facts are stated in the opinion of the court.

James P. Sweeney and Frank J. Fontes for Appellant.

J. J. Lermen for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant Hoyt after an order by the trial court sustaining said defendant's demurrer to the plaintiff's third amended complaint.

Said complaint is in two counts, in the first of which the facts upon which the plaintiff relies for a recovery are set forth in detail. The second count is an ordinary common count for moneys paid out and expended within two years for said defendant's use and benefit and at his special instance and request. Both of these counts, however, admittedly refer to the same transaction.

The facts of the case, as set forth in the first count of said complaint, and which are taken to be true for the purposes of this appeal, are the following: On December 12, 1905, one Theresa Levin executed a note to the Hibernia Savings and Loan Society secured by a mortgage upon certain premises for the sum of eighty thousand dollars, payable one year after the date thereof. In January, 1906, said Theresa Levin sold and conveyed the mortgaged premises to Kernan Robson, the plaintiff and appellant in this action, subject to said mortgage debt, of which a balance of thirty-three thousand dollars remained due, and which said Robson assumed and agreed to pay. In July, 1906, said Robson sold and conveyed the said premises to one Michael O'Toole, the same balance being still due and which said O'Toole assumed and agreed to pay. In October, 1906, O'Toole sold and conveyed said premises to one Curtis Hillyer, and he in turn assumed and agreed to pay said balance which still remained due. In December, 1906, said Hillyer sold

and conveyed said premises to John G. Hoyt, the defendant and respondent herein, who also assumed said mortgage and agreed to pay the balance still remaining due thereon. In September, 1908, the said balance due on said note and mortgage not having been paid by any of said parties, the Hibernia Savings and Loan Society commenced foreclosure proceedings against the said Theresa Levin and also against said Robson, O'Toole, Hillyer, and Hoyt, her subsequent and successive grantees of the premises covered by said mortgage. In September, 1911, judgment in said foreclosure proceeding was rendered and entered against all of said defendants thereto for the sum of $44,006.21. The said premises were ordered to be sold under said judgment and were sold for the sum of thirty thousand dollars, which, having been credited thereon a deficiency judgment for the sum of $14,799.09, was docketed against each and all of said defendants. In the meantime said defendant John G. Hoyt had made a motion for a new trial, which said motion was at first denied by the trial court, but subsequently said order denying the same was set aside and a new trial granted to said John G. Hoyt by the trial court in April, 1913, upon the production of an agreement theretofore entered into between said Hoyt and the Hibernia Savings and Loan Society, by the terms of which it had consented and agreed to the granting of said new trial as to said defendant Hoyt. Thereafter and on or about August 15, 1916, the Hibernia Savings and Loan Society, by the issuance of an execution in said action and by the levy thereof upon and threatened sale of the property of said Robson, compelled the latter to pay the sum of $18,350.81, the then amount of said deficiency judgment in full, and thereupon and upon such payment by him a satisfaction of said judgment was entered against all of said defendants and a dismissal of said action. Shortly thereafter the said Robson commenced the present action against Michael O'Toole, Curtis Hillyer, and John G. Hoyt, his codefendants in the former action, setting up the foregoing facts and seeking to recover from them, and each of them, the said sum of $18,350.81, the amount which he had been compelled to pay upon said deficiency judgment. The defendant Hoyt appeared and demurred in said action, and his said demurrer being by the trial court sustained, judgment was accordingly entered in his favor.

From this judgment the plaintiff herein prosecutes this appeal.

The contention of the appellant herein, briefly stated, is that as between himself and the subsequent and successive grantees of the premises covered by said mortgage, and who in their turn assumed and agreed to pay the same, a contract existed by which each of said persons agreed to pay whatever deficiency judgment he, the said Robson, was properly and legally compelled to pay in the course of the foreclosure of said mortgage. It is this contract which he is seeking to enforce against the defendant and respondent Hoyt in this action.

A number of interesting questions present themselves in the course of the determination of the merits of this question. The first of these is as to just what legal relations between the original mortgagee and the said several grantees of the mortgaged premises arise by virtue of their, and each of their, respective agreements with their immediate grantors of said premises to assume and pay the mortgage thereon. It seems to be practically conceded by the parties hereto that this relation was one by which the said mortgagee, if it was so disposed to accept the benefit of such several agreements as against each, any or all of said persons making the same, could in its foreclosure of said mortgage make each or any or all of said persons defendants in such foreclosure proceedings, and could obtain a deficiency judgment against such of said persons as it so elected to make parties to such proceedings. This right existing in the mortgagee was entirely several as to each of said persons, none of whom would have a right, as against said mortgagee, to insist that any of the others should be made parties defendant to said foreclosure proceeding or be embraced in any judgment in the mortgagee's favor to be rendered therein. It would seem to be also conceded that the relation of each of said successive persons agreeing with their immediate grantors to assume and pay said mortgage became, by virtue of said agreements, that of principal debtors thereon upon said mortgagee's acceptance of the benefit derivable to it by their said several agreements.

The next question which presents itself in the course of this determination is as to what legal relations arose and existed between the said successive persons acquiring said

mortgaged premises and each in turn agreeing to assume and pay the mortgage thereon. [1] Upon this question also the parties hereto seem to be in practical accord; but even if they are not so, the law seems to us to be well settled that the person who, in taking over mortgaged premises, agrees to assume and pay the mortgage becomes by virtue of said agreement the principal debtor, while the person with whom he makes such agreement becomes, as to such agreement and as to such mortgage, his surety that he will perform the same. This agreement as to his immediate grantor is express; but there arises out of it also an implied agreement to the same effect as to the several predecessors of his immediate grantor back to the original mortgagor. The following authorities fully sustain this view as to the law defining these relations: *Hopkins* v. *Warner*, 109 Cal. 133, [41 Pac. 868]; *Williams* v. *Naftzger*, 103 Cal. 438, [37 Pac. 411]; *Roberts* v. *Fitz Allen*, 120 Cal. 482, [52 Pac. 818]; *Wood* v. *De Oca*, 120 Cal. 102, [52 Pac. 130].

[2] Upon this statement of the law applicable to the relation of the parties to this action the appellant insists that his complaint herein shows that the defendant Hoyt has failed and neglected to pay the deficiency judgment rendered and entered in said foreclosure proceeding against the plaintiff herein in accordance with said defendant's implied agreement that as principal he would pay the same, and since it also appears that the said plaintiff herein, as the surety of said defendant by virtue of said agreement, has been compelled to pay said ·deficiency judgment, he is entitled to maintain this action for the breach of the defendant's said obligation and recover the amount he has thus been compelled to pay.

Against this claim on the part of the appellant the respondent offers several objections. In the first place, he contends that it was the duty of the said plaintiff in this action to have filed a cross-complaint against the defendant herein in the foreclosure proceedings, wherein and whereby he could have obtained all the remedies which he seeks to enforce in this action.

We do not think this position tenable. The implied agreement of the defendant Hoyt was, as we have seen, that he would pay whatever deficiency remained and existed upon said mortgage debt after the exhaustion of the security for

such debt by a foreclosure proceeding. There could be no actual breach of this obligation until such deficiency arose and existed; and it certainly had not come into being at any time prior to the entry of the judgment and sale of the mortgaged premises thereunder for a less sum than the amount of the mortgage debt. The plaintiff herein had no ripened cause of action against Hoyt as his codefendant in said foreclosure proceedings at any time prior to the entry of judgment therein. It would seem, however, to be a rule of practice in foreclosure proceedings, in order to avoid circuity of action and to protect the mortgagor as the immediate party from being compelled to pay whatever deficiency there might be after a judicial sale, and then to seek redress from his grantee or grantees who had assumed to pay the same, that equity will permit the bringing in of all the parties who are liable principally or ultimately before the court to have their rights adjusted in a single suit. (*Hopkins* v. *Warner,* 109 Cal. 133, [41 Pac. 868].) While, therefore, we are of the opinion that Robson, as a codefendant of Hoyt in the foreclosure proceedings, *might* have presented a cross-complaint against the latter therein, presenting the same matters which are here attempted to be presented, we are not disposed to hold that he was bound to do so in the face of the fact that as between themselves no ripened cause of cross-complaint had then come into being. They were, in fact, not adversary parties in that foreclosure proceeding. This was so expressly held in the case of *Robson* v. *Superior Court et al.,* 171 Cal. 588, [154 Pac. 8], in which case the parties to the present action were also parties to it; and which case involved another phase of the litigation between the parties hereto arising in the course of said foreclosure proceedings, a decision whereon would vitally affect certain problems presented in the instant case. The record in said former case discloses that the trial court in the foreclosure proceedings, after rendering its judgment therein against all of the defendants, had entertained a motion of defendant Hoyt for a new trial, and had at first denied said motion; but later, and upon a showing by Hoyt that its order denying his motion for a new trial had been made inadvertently, set aside said order, and thereupon, and in accordance with an agreement between said defendant Hoyt and the plaintiff in said fore-

closure suit, had granted as to said Hoyt a new trial. The several orders thus made resulting finally in the granting of a new trial as to said defendant Hoyt had been made without the defendant Robson's consent and without notice to him. Thereupon Robson applied to the supreme court for a writ of prohibition to prevent the trial court from proceeding to hear or try any of the issues raised by defendant Hoyt upon a retrial of the cause, the petitioner's contention being that the trial court had no jurisdiction to grant said new trial without notice to him and without his consent. The supreme court denied said writ, and in so doing decided, as we have seen, that Robson and Hoyt were not adversary parties in said foreclosure proceeding. In so deciding it also decided certain other matters which, as above stated, are vital to the present controversy. The supreme court held that the relation between each of the defendants Robson and Hoyt arising out of the successive assumptions by each of the mortgage debt was an entirely several and separate relation as to the plaintiff in said foreclosure proceeding, and that this being so, the plaintiff therein was in a position to stipulate with the defendant Hoyt as it pleased with respect to his motion for a new trial, and that the defendant Robson was in nowise affected by such stipulation granting the defendant Hoyt a new trial, nor by any later action which the trial court might take thereon. The court said: "Petitioner is not an aggrieved party because of the fact that in the event of Hoyt's escaping judgment all of the liability might fall upon him. The conclusion of the court in the suit for foreclosure of the bank's mortgage will not be binding in any action which Robson may bring against Hoyt. The decree in favor of the bank fixed none of the rights and obligations of the defendants among themselves. Robson is not an interested party in the proceedings for a new trial of the issues between plaintiff and Hoyt."

In further support of this position the supreme court, in its decision, cited with approval the case of *Wiltrout* v. *Showers*, 82 Neb. 777–779, [118 N. W. 1080]. This last-named case is itself important as shedding an even more direct light upon the situation of the parties to the instant case. The facts of that case were these: The plaintiff therein was the mortgagor of a note and mortgage which

the defendant therein, as his grantee of the mortgaged premises, had assumed and agreed to pay. Suit having been brought to foreclose said mortgage, the mortgagor defaulted, but his grantee appeared and contested the mortgagee's right to recover against him and was successful in such defense. Judgment, however, having been taken against the mortgagor upon his default, he had been compelled to pay such judgment, and having done so, he brought suit against his grantee, Showers, upon his agreement to assume and pay such mortgage. Showers pleaded in defense to said suit that the former judgment in said suit was *res adjudicata.* The supreme court of Nebraska held against said defendant upon this contention, saying: "As between the two defendants in that action no issue was joined. Wiltrout and Showers were not adverse parties. The question of liability of Showers on the oral contract to assume and pay the notes was not litigated and determined as between Wiltrout and Showers. The rule of law is well settled that parties to a judgment are not bound by it in a subsequent action unless they were adverse parties in the original action."

It is interesting to note that in the case of *Wiltrout v. Showers, supra,* the defendant Showers was held liable to pay to Wiltrout the sum which the latter had been compelled to pay upon the judgment rendered against him in the foreclosure proceedings, although Showers had successfully defended himself against liability to the plaintiff in said foreclosure proceeding. In the foregoing respect the case of *Wiltrout v. Showers* has direct bearing upon the case at bar, since here as there the plaintiff is seeking to require the defendant to pay the amount of a deficiency judgment in a foreclosure proceeding to which they were both parties and which the plaintiff himself had been compelled to pay, although as to the defendant no judgment for such deficiency had been rendered, but, on the contrary, the action as to him had been dismissed.

The decision in the above case, if adopted by us, would seem to be conclusive of the case at bar; and that it should be adopted, we think a closer consideration of the actual agreement between the parties hereto will serve to demonstrate. The defendant herein assumed and agreed to pay the mortgage debt for which the plaintiff herein was liable upon his own earlier agreement to the same effect. In so

agreeing the defendant had made himself a principal as to his obligation to assume and pay said debt, and, as we have seen, the plaintiff had become his surety for the performance of said obligation. It is true that the said defendant's agreemenet was, under the authorities, merely one to pay the amount of such deficiency judgment as might be entered after the foreclosure of the mortgage and the sale of the mortgaged premises; but what deficiency judgment was it that he thus assumed to pay? Not, as the respondent herein claims, a deficiency judgment against himself, since as to him there might never be a deficiency judgment, for the reason that he need not have been made a party to the foreclosure suit of the plaintiff therein; or, had he been made such party, the plaintiff therein might, as we have seen, have properly dismissed said action as to him, and by so doing have placed him in the same position as though he had never been made a party thereto. It follows, therefore, that it was not against a deficiency judgment against himself that the defendant had bound himself as a principal by his implied agreement with the plaintiff herein to pay. It must, therefore, have been such deficiency judgment as his grantor, either immediately or mediately, of the mortgaged premises should be compelled to pay. It is precisely this obligation that the plaintiff in the present case is seeking to enforce. This interpretation of the agreement between the defendant and his preceding grantors is not only reasonable, but it is also just, since the defendant in taking over the mortgaged premises retained, and still retains from the purchase price thereof, a sum sufficient to cover his obligation to assume the mortgage debt and to pay whatever deficiency judgment might be entered upon the foreclosure of said mortgage against his obligees or any of them. It is true that as to such deficiency judgment the defendant has not yet had his day in court; but he has it now, and he is entitled to have adjudicated in this action every question involving the validity or amount of such deficiency judgment, and also every question as to whether the said plaintiff was legally or properly compelled to pay the same or any portion thereof. None of these questions is *res adjudicata* between the parties to this action under the former decision in *Robson* v. *Superior Court et al., supra.* We therefore arrive at the conclusion that the plaintiff's third

amended complaint herein stated a cause of action, and that the defendant's demurrer thereto was improperly sustained.

The respondent's contention that the plaintiff's cause of action is barred by the statute of limitations we find to be without merit.

Judgment reversed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920.

All the Justices concurred.