[Civ. No. 4380. First Appellate District, Division Two.—February 8, 1923.]

KERNAN ROBSON, Appellant, v. MICHAEL O'TOOLE et al., Defendants; JOHN G. HOYT, Respondent.

[1] NONSUIT—EVIDENCE.—All the evidence is to be taken most favorably for the plaintiff in considering the defendant's motion for a nonsuit.

[2] MORTGAGE—ASSUMPTION OF PAYMENT BY GRANTEE—EXTENSION OF TIME—WANT OF CONSIDERATION—GRANTOR AS SURETY NOT RELEASED.—An extension of time to pay a mortgage debt given without consideration to the grantee of the premises, who personally undertook the payment of the mortgage as a part consideration of the purchase price of the property, has not the effect of releasing the grantor, as surety for the grantee, so as to make the grantor's payment of the deficiency judgment voluntary and prevent him from enforcing reimbursement against the grantee.

[3] ID.—NEW TRIAL AS TO GRANTEE—CONSENT OF MORTGAGEE—GRANTOR AS SURETY NOT RELEASED.—The right existing in a mortgagee is entirely several as to the mortgagor and as to the mortgagor's grantee who assumes the payment of the debt, and the mortgagee's consent that the grantee should have a new trial after judgment against him in the foreclosure proceedings has not the effect of releasing the liability of the grantor, as surety.

[4] ID.—CONVEYANCE TO TRUSTEE—ASSUMPTION OF DEBT BY GRANTEE OF TRUSTEE.—Where mortgaged property is conveyed to one who acts as a mere trustee or conduit, taking no beneficial interest in the property, his failure to assume the payment of the mortgage debt does not take from his grantor the right to bind the trustee's grantee to pay the debt.

[5] ID.—GRANTEE AS TRUSTEE—VARIANCE BETWEEN PLEADINGS AND PROOF—NONSUIT—APPEAL.—A variance between the pleadings and the proof, in an action for the foreclosure of a mortgage, resulting from the failure to allege that a grantee in the chain of title was a mere trustee so that he could bind his grantee to pay the mortgage debt without having assumed it himself, is not sufficient on appeal to sustain an order of nonsuit, where the nonsuit was not asked on such ground and the matter was not called to the attention of the trial court.

[6] PLEADING—AMENDMENTS—POLICY OF LAW.—It is the policy of courts to favor liberal amendments in the interest of justice, and a party relying upon appeal upon a variance between pleadings and proof should call attention to the matter explicitly in the trial court.

[7] Deed — Consideration — Parol Evidence.—An exception to the parol evidence rule occurs when the parol testimony is directed to the consideration for a deed, and it may be shown by parol that as a part consideration for the purchase price of mortgaged property that the grantee assumed payment of the mortgage. (On denial of rehearing.)

[8] Contract — Consideration — Parol Evidence. — The amount or kind of consideration is not considered an essential part of a contract and is open to contradiction or explanation like an ordinary receipt. (On denial of rehearing.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

James P. Sweeney and Frank J. Fontes for Appellant.

J. J. Lermen and G. K. Burgren for Respondent.

LANGDON, P. J.—This is an appeal from a judgment entered upon an order granting the motion of the defendant John G. Hoyt for a nonsuit. Different phases of this litigation have been considered before by the supreme court and district court of appeal of this state. (*Robson* v. *Superior Court*, 171 Cal. 588 [154 Pac. 8]; *Robson* v. *O'Toole*, 45 Cal. App. 63 [187 Pac. 110].) Many of the questions discussed in the briefs in the present case have been authoritatively settled by the opinions filed upon the former appeals. As the facts are quite completely discussed in said opinions, reference is made to the same and an extended statement of facts will not be made herein. Only those matters will be discussed which differentiate the present case from the cases previously considered upon the appeals involving the same controversy.

[1] At the outset, in view of the rule that all the evidence is to be taken most favorably for the plaintiff in considering the defendant's motion for a nonsuit, we must say that the record shows that the payment of the mortgage under consideration was undertaken, personally, by the respondent Hoyt, as a part consideration of the purchase price of the property involved.

[2] In the trial court it was urged by respondent that in paying the amount of the deficiency judgment to the mortgagee, Hibernia Savings and Loan Society, Robson was a volunteer and, therefore, was not entitled to be reimbursed by Hoyt. This is upon the theory that Hoyt was the principal debtor and Robson the surety, and that the creditor, the mortgagee, by granting an extension of time to Hoyt within which to pay the debt, had released the surety. We think this position is unsound. In the first place, there was no valid, binding agreement upon the part of the bank to extend the time of payment of the loan. The bank was asked if it would be agreeable to it to extend the time of payment upon the loan, and replied that this would not be objectionable. There was no consideration for this extension of time and it was unenforceable. In the case of *Title Guarantee & Trust Co.* v. *Weiher et al.*, 30 Misc. Rep. 250 [63 N. Y. Supp. 224], it was said: "The agreement made by the mortgagee with the owner of the equity of redemption who had purchased the premises subject to the mortgage, that the payment of the mortgage debt might be delayed until March 12, 1899, apparently left the owner at liberty to pay off the mortgage debt at once, if he wished to do so, and was therefore without consideration and not enforceable. See *Moser* v. *Walker*, 23 App. Div. 91 [48 N. Y. Supp. 341]."

"To have the effect of discharging the surety, an agreement for the extension of time of payment made by the creditor with the principal debtor without the consent of the surety must be upon a valid consideration, such as will preclude the creditor from enforcing the debt against the principal; and an agreement by a mortgagee to extend the time of payment of the bond and mortgage until a future day, without other consideration than the continuance of the original terms, including the tax, insurance and interest clauses is void for want of consideration. See *Olmstead* v. *Latimer*, 158 N. Y. 313 [43 L. R. A. 685, 53 N. E. 5]." (*Title Guarantee & Trust Co.* v. *Weiher et al.*, 30 Misc. Rep. 250 [63 N. Y. Supp. 224].) To discharge a surety by giving time to the principal, the time must be given by a positive contract that can be enforced. (*Olmstead* v. *Latimer*, 158 N. Y. 313 [43 L. R. A. 685, 53 N. E. 5].)

[3] It is also urged by defendant and respondent that as the mortgagee consented that the defendant Hoyt should have a new trial after judgment against him in the foreclosure proceedings, the rights of the surety, the plaintiff herein, were prejudiced and consequently he was released from his obligation, and, therefore, his payment of the deficiency judgment was merely voluntary. That contention is answered by the opinion in the case of *Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8], which considered the effect of the mortgagee's action in relation to that matter. As stated in the opinion in *Robson* v. *O'Toole, supra,* "The supreme court held that the relation between each of the defendants Robson and Hoyt arising out of the successive assumptions by each of the mortgage debt was an entirely several and separate relation as to the plaintiff in said foreclosure proceeding, and that this being so, the plaintiff therein was in a position to stipulate with the defendant Hoyt as it pleased with respect to his motion for a new trial and that the defendant Robson was in nowise affected by such stipulation. . . . "

It is true, of course, that as between Robson and Hoyt, Hoyt was principal and Robson surety. However, as between these parties and the mortgagee, the relation took on a different aspect. "The right existing in the mortgagee was entirely several as to each of said persons, none of whom would have a right as against said mortgagee to insist that any of the others should be made parties defendant to the foreclosure proceedings or be embraced in any judgment in the mortgagee's favor to be rendered therein." (*Robson* v. *O'Toole, supra.* See, also, *Robson* v. *Superior Court, supra; Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868].)

[4] The most formidable defense of the order granting the motion for nonsuit is maintained by respondent in his position that the showing made by plaintiff does not meet the rule that where a grantor of real property is not personally liable for a mortgage debt, a stipulation in a deed from him to his grantee that said grantee shall · pay, personally, the mortgage indebtedness will not be regarded in law or equity as a contract intended for the benefit of a third person. (*Case* v. *Egan,* 57 Cal. App. 453 [207 Pac. 388], and cases therein cited.) This position is taken be-

cause the chain of title to the real property involved here runs from Theresa Lewin to Robson, with assumption of mortgage by Robson; from Robson to O'Toole, to hold merely as a trustee for Robson, no consideration being paid by O'Toole; from O'Toole, upon the direction of Robson and on his behalf, to Curtis Hillyer, who agreed to assume the mortgage as a part consideration for the property; from Hillyer to Hoyt, with the same agreement as a partial consideration. It is contended that because O'Toole never assumed the mortgage indebtedness, he could not impose this burden upon his grantee, Hillyer, and, consequently, it could not have been imposed upon Hoyt. But viewing the evidence upon a motion for a nonsuit made by the defendant, the record indicates that O'Toole never had any beneficial interest in the property. He was a mere conduit, as such a position has been aptly characterized. He held title for Robson and acted for him in making the transfer to Hillyer, and O'Toole's lack of beneficial interest and absence of personal obligation cannot take from Robson his right to bind his grantee (even though the grant be made indirectly through the medium of a trustee) to pay the mortgage debt. In the case of *Riverdale Mining Co.* v. *Wicks,* 14 Cal. App. 535 [112 Pac. 899], it was said: "But the fact is, the legal relation existing between Kellogg and Cornell as to the property was at all times only that of principal and agent. In the conveyance of the property to McDonald it transpired that it was more convenient for Kellogg to use Cornell as an instrumentality or a trustee— a conduit, so to speak, through which that act might be consummated. Cornell first proposed that the property be bonded to him, but Kellogg refused to accede to that proposition and then suggested the deed in escrow, said deed to remain undelivered until Cornell either bought the property himself or it was sold to others, and finally the delivery of the deed to Cornell was not because Cornell had bought the property or had acquired any interest whatever in it, but for the sole reason, as suggested, that under the circumstances, that was the most convenient way of conveying to McDonald, the actual purchaser. Cornell's part in the transaction was, therefore, as both he and Kellogg declared on the witness-stand, that of a mere trustee of Kellogg."

[5]   The respondent does not seriously contend that Hoyt would not be liable upon his assumption of the mortgage, if O'Toole was a mere trustee for Robson and not a beneficial grantee—but he meets this situation by urging that the complaint did not so allege the facts, but that it alleged that O'Toole had assumed the mortgage as a part of the consideration for the transfer to him, and that, therefore, there is a fatal variance between the pleadings and the proof.

Of course, the trial court might have permitted an amendment of the pleadings to conform to the proof, or might have found the facts in accordance with the proof. (Code Civ. Proc., secs. 469, 470.) That neither of these things was done is perhaps due to the fact that the defendant and respondent did not call the matter to the attention of the court or of the plaintiff. The nonsuit was not asked for this reason, and defendant's strongest position with reference to the matter is that this was an implied ground for nonsuit. [6] It is the policy of courts to favor liberal amendments in the interest of justice, and, undoubtedly, a party relying upon appeal upon a variance between pleadings and proof should call attention to the matter explicitly in the trial court. (*Keefe* v. *Keefe,* 19 Cal. App. 310 [125 Pac. 929]; *Breidenbach* v. *McCormick,* 20 Cal. App. 184 [123 Pac. 423]; *Stover* v. *Stevens,* 21 Cal. App. 261 [131 Pac. 332]; *McCarthy* v. *Phelan,* 132 Cal. 404 [64 Pac. 570]; *Palmer* v. *Marysville Democrat Pub. Co.,* 90 Cal. 168 [27 Pac. 21].)   As stated in the case of *Moore* v. *Moffatt,* 188 Cal. 1 [204 Pac. 220]: "It was a defect in the plaintiff's case which might have been remedied had attention been called to it by the motion for nonsuit, and, inasmuch as it was not made a ground for the motion for a nonsuit, it could not, upon that motion, be considered by the trial court, nor can it, for the same reason, be considered by this court in determining the merits of the motion."

. The order granting the nonsuit cannot be sustained, therefore, because of a variance between the pleadings and proof. We find no theory upon which such order was proper.

The judgment is reversed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 9, 1923, and the following opinion then rendered thereon:

THE COURT.—In the above-entitled matter, after decision by this court, respondent John G. Hoyt has petitioned this court for a rehearing. The first matter urged upon our attention by the petition for rehearing has reference to the following statement in the opinion heretofore filed herein: "At the outset, in view of the rule that all the evidence is to be taken most favorably for the plaintiff in considering the defendant's motion for a nonsuit, we must say that the record shows that the payment of the mortgage under consideration was undertaken, personally, by the respondent Hoyt, as a part consideration of the purchase price of the property involved."

Petitioner admits the correctness of the rule stated, but urges that the testimony in the record which tends to show that Hoyt assumed the payment of the mortgage as a part consideration for the purchase price of the property, was parol testimony, and since such assumption of the mortgage does not appear by the deed conveying the property to Hoyt nor by the written preliminary agreement between the parties, the plaintiff is precluded from showing it by parol, under the well-settled rule that no variation of a written instrument by parol will be permitted. [7] In response to this contention we desire to point out that an exception to the parol evidence rule occurs when the parol testimony is directed to the consideration for a deed. It has always been held that the amount or kind of consideration recited in a deed is open to contradiction or explanation. (*White* v. *Schader*, 185 Cal. 606 [21 A. L. R. 499, 198 Pac. 19]; 10 R. C. L., p. 1042, sec. 236.) [8] The same rule applies to the instrument setting forth the preliminary contract. The amount or kind of consideration is not considered an essential part of a contract and is open to contradiction or explanation like a common receipt. (10 R. C. L., p. 1042, sec. 236; *Moffatt* v. *Bulson*, 96 Cal. 106 [31 Am. St. Rep. 192, 30 Pac. 1022].) The testimony tending to show that Hoyt assumed the mortgage was given by the agent who negotiated the sale between Hoyt and his grantor, and he stated that Hoyt had undertaken to pay the mortgage as a part

consideration for the transfer of the property. This evidence was properly admitted and was sufficient to go to the jury. It should have been given full weight by the court upon defendant's motion for nonsuit.

The other matters urged in the petition for rehearing are sufficiently covered, we think, by the opinion heretofore filed.

The petition for a rehearing is denied.

All the Justices concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1923.

All the Justices concurred.