HENRY G. MOLINA, Plaintiff and Appellee, v. JUAN FERNANDO PASCUAL, Defendant and Appellant; and ROMANA BULERÍN, Defendant.

No. 5118.   Argued March 4, 1930.—Decided July 21, 1931.

*Luis Méndez Vaz* for appellant. *Henry G. Molina, in pro. per.*

MR. JUSTICE ALDREY delivered the opinion of the Court.

In an action brought in the District Court of San Juan against Juan Fernando Pascual and Romana Bulerín, the plaintiff sought to recover from them, *in solidum*, the sum of $7,500 together with interest thereon and costs. It was substantially alleged by the plaintiff that the owner of a certain urban property, which was described, gave a promissory note for $7,500 and interest secured by a mortgage on said property; that the plaintiff is the owner, by endorsement, of said promissory note; that the owner of the mortgaged property sold the same to Juan Fernando Pascual, who assumed the payment of the mortgage; that subsequently Pascual sold it to Romana Bulerín, its present owner, who retained from the purchase price the amount of the mortgage for the purpose of paying the latter; and that the promissory note had become due according to facts that were stated.

The clerk entered a default judgment against Romana Bulerín for the amounts claimed from her. Pascual appeared and demurred to the complaint.

At this stage of the proceedings, the plaintiff moved the court for leave to amend the prayer of his complaint because he had always intended that the mortgage property be sold at public auction and, if the proceeds of such sale did not cover the total amount claimed, then the deficiency should be collected out of other property of the defendants. The court granted the leave sought and, it having ordered that a new complaint be filed, the plaintiff did so by reproducing therein the same facts alleged in the former complaint and modifying its prayer so as to conform to the above terms.

As against this new complaint, Pascual reproduced the demurrer interposed to the former complaint; and defendant

Bulerín filed a motion accepting service of the new complaint, waiving her right to appeal from the judgment already entered against her, and consenting to the immediate execution thereof. The court ordered the execution of that judgment, and in pursuance thereof the property was sold at public auction and awarded to the creditor for $4,000 in partial satisfaction of his claim.

The demurrer of defendant Pascual was overruled. He then answered the complaint, and the case was set for trial. At the commencement of the trial said defendant moved that the judgment entered against Romana Bulerín and the execution thereof be set aside on the grounds that the judgment had been improperly entered by the clerk; that the mover had not been served with notice of the judgment; and that he had had no notice of the public auction either. The court denied this motion and, based on the evidence, it finally adjudged defendant Pascual to pay the sum of $7,500 with interest and costs, but declaring that, as the plaintiff had already recovered $4,000 on account of the indebtedness, Pascual was bound under the judgment to pay to the plaintiff only the balance of the sum claimed in the complaint, or $3,500, as the remainder of the obligation plus interest and costs, which were stated.

. Against that judgment defendant Pascual took the present appeal, in which he assigns three errors; but in his argument the first two errors are united into a single one, namely, violation of subdivision 1 of section 194 of the Code of Civil Procedure, in connection with section 96 of the same code and also sections 315, 92, 123, 227, and 229 thereof.

Before passing upon the first error, as condensed, we must say that sections 315, 92, 123, 227, and 229 of the Code of Civil Procedure have nothing to do with the present case. The first of these sections defines what is a motion and what is an order; the second, as amended in 1915, refers to the manner of serving a summons and on whom such service must be made; the third, as amended in 1911, deals with motions

to strike out parts of a pleading; the fourth treats of the time within which the clerk shall enter a judgment in accordance with the decision of the court; and the fifth has reference to the judgment when the amount of a counterclaim exceeds the plaintiff's demand.

We wish also to state that the judgment against Romana Bulerín rests on her failure to answer the complaint, and that a judgment having been entered against her it was not necessary for her subsequently to accept service of a new complaint.

Subdivision 1 of section 194 of the Code of Civil Procedure provides that if the defendant fails to answer the complaint in an action arising upon contract for the recovery of money, the clerk of the court must, on motion of the plaintiff, enter judgment for the amount specified in the summons, including the costs against the defendant or against one or more of several defendants, in the cases provided for in section 96, which prescribes that when the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more, but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants. As in the instant case both defendants were served with summons, the appellant claims that no judgment by default could have been entered against Romana Bulerín.

Section 96 cited is not applicable to the case at bar, since it refers to a case where, notwithstanding the failure to serve the summons on all of the defendants jointly or severally liable, a judgment may be rendered against the defendants served; and as the two defendants in the present action had been so served, a judgment could be entered against either of them who failed to answer the complaint. The appellant cites some cases from California in support of his contention; but those cases refer to joint debts, not to solidary obligations such as are sought to be enforced herein. A mort-

gagee, where the mortgagor has sold the property and successive grantees have agreed to assume and pay the mortgage, may proceed against each, or any, or all of the purchasers, and obtain a deficiency judgment, the rights vested in the mortgagee being entirely several as to each of such persons, none of whom have a right to insist that any of the others should be made parties defendant or to be embraced in any judgment in favor of the plaintiff. *Robson* v. *O'Toole,* 45 Cal. App. 63; 187 Pac. 110.

The appellant also urges that he was not served with notice of the judgment against Romana Bulerín, nor of the execution proceedings against her, nor of the public sale of the property. As this is a case of a judgment and execution against a solidary debtor, it was not necessary to serve notice of such proceedings on the other obligor, also a solidary debtor, since the actions were independent; so that Romana Bulerín could have been sued separately and the judgment of recovery enforced against her, and Pascual then sued for the unpaid balance not covered by the sale at public auction of the mortgaged property.

The other ground of appeal is formulated thus:

"Infringement of sections 1224 and 1079 of the Civil Code; of sections 153, 112, and 148 of the Mortgage Law; of section 162 of the Mortgage Law Regulations; and of section 1870 of the Civil Code."

The manner in which said sections have been infringed can not be learned from the wording of the above assignment of error. But in the argument it is claimed that the purchaser and appellant, Pascual, is not bound to pay the difference existing between the proceeds of the sale at public auction of the mortgage property and the total indebtedness secured by the mortgage. This question has been decided by this Court, in the cases of *Successors of Hilario Santos* v. *Morán,* 32 P.R.R. 55, and *Trueba et al.* v. *Rosales & Co., et al.,* 33 P.R.R. 986, 990–991, adversely to the contention of

the appellant. In the latter of these cases the following doc-
trine was specifically established:

"When the purchaser or innocent possessor of a mortgaged prop-
erty does not assume the payment of the mortgage, for which he is
liable only because of the mere acquisition of the property, his lia-
bility extends only to the amount of the proceeds of the sale in exe-
cution of the judgment, and no part of the amount of the mortgage
which may not be covered can be collected out of his own property.
This is so because a judgment in an action of debt for the payment
of a certain amount may be executed against all of the properties
of the judgment debtor until the whole amount is covered, for which
reason in cases like the present if the proceeds of the mortgaged prop-
erty did not cover the amount of the judgment, other properties of
his might be sold even though he had not contracted the original
obligation or agreed with the creditor to assume the same, thus hav-
ing to pay the deficit resulting after the sale of the property. There-
fore, as the complaint did not allege that the defendant purchasers
of the mortgaged property assumed the payment of the mortgage or
retained such part of the purchase price as was necessary to pay it,
or that their liability was limited to the proceeds of the sale, it does
not state facts sufficient to constitute the cause of action set up
against them to recover the amount secured by the mortgage, especially
as it was not prayed that the property be sold for the payment of
the debt, a necessary element although the party may elect the or-
dinary action of debt."

In the instant case, when Pascual purchased the mort-
gaged property he assumed the payment of the mortgage
constituted as security for the promissory note issued, and
this is why he is liable for the deficiency not covered by the
proceeds of the sale at public auction of the property; and
the doctrine laid down in the above cited cases is not in con-
flict with the sections invoked by the appellant.

The decision in the *Trueba* case, *supra,* is not adverse to
the claim of the appellee, as the appellant contends, for al-
though it is true that the complaint was dismissed in that
case, this was done, as stated therein, because the purchasers
of the mortgaged property had not assumed the mortgage
or retained the amount thereof from the purchase price in

order to pay the same, which circumstance is not present in the instant case.

The judgment appealed from must be affirmed.

Mr. Justice Texidor concurred in the result.